ELMORE WATERS, Defendant in Error, v. WM. W. BROWN, Plaintiff in Error.

1. *Damages — Setting fire to prairie — Premises left uninclosed by — Measure of damages.* — In an action under the statute (Gen. Stat. 1865, ch. 81, p. 386) for damages to plaintiff's premises, caused by the willful firing by defendant of a prairie, the court erred in telling the jury to find for the plaintiff, among other things, " the value of the premises thrown out for one season." Plaintiff can charge defendant only for such damages as, by reasonable endeavors and expense, he could not prevent. In such case the rule for assessing damages would be the value of his rails lost and destroyed by the fire, and the loss of the use of the land during the time that was reasonably necessary to procure other rails and rebuild the fence. If he could have rebuilt the fence in time to secure a crop for that year, he could not hold defendant liable for the failure of crop. Whether he was guilty of negligence, or could have restored the fence within any given time by the use of reasonable means, was exclusively for the consideration of the jury.

## Error to Fifth District Court.

*Hall & Oliver*, for plaintiff in error.

I. Whether plaintiff was guilty of negligence in not refencing the land, was a question of fact for the jury to determine. (18 Mo. 365; 14 U. S. Dig. 150, § 2; 12 Metc. 415; 7 Greenl. 42.)

II. There was no evidence that the land was necessarily burned out in consequence of the fire. For all that appears in the evidence, the plaintiff made no effort to refence it. It was not sufficient for plaintiff to prove that his rails were burnt by the act of defendant, but the burden of proof was on him to show that his land lay idle in consequence of said burning, without any negligence on his part. (1 Hill. on Torts, 124.)

*Asper & Pollard*, and *Hoskinson*, for defendant in error, cited Newman v. Lawless, 6 Mo. 301; Finney & Finney v. Allen, 7 Mo. 416; Vaulx v. Campbell, 8 Mo. 224, 707; Maston v. Fanning, 9 Mo. 302; Chouteau v. Uhrig, 10 Mo. 62; Walter v. Cathcart, 18 Mo. 256; 28 Mo. 360.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff for damages sustained by him in consequence of the willful firing, by defendant, of a prairie in Caldwell county, in violation of the statute of this State. Plaintiff claimed damages for 6,400 rails burnt up, forty young peach trees which were destroyed, and also for being deprived of the use of sixty-five acres of land under cultivation during the year 1864 and subsequent thereto. On the trial, the court, of its own motion, gave the following instruction: "If the jury find for plaintiff, they will assess the damages at the value of the peach trees destroyed by the fire, the value of the use of the premises thrown out for one season, and the amount of money it would require to replace the rails in the fence as they were before destroyed by fire."

This instruction was objected to by defendant, but his objection was overruled. The plaintiff had judgment in the Circuit Court, which was affirmed by the District Court, and the cause is now brought here for review on writ of error.

It requires no argument to show that a portion of the instruction asserts a wrong proposition of law. The court committed manifest error in telling the jury that they should find for the plaintiff " the value of the use of the premises thrown out for one season." Whether the plaintiff was damnified to that extent was a question of fact to be determined by the jury from the evidence before them, and not a matter to be passed upon by the court. The measure of damages in such a case will depend on circumstances. If a party can, by a trifling expense or by reasonable exertions, avert the damages caused by the wrongful act of another, it is his duty to do so; and if he fails in performing the full measure of his duty in this regard, he will be only entitled to recover such damages as were not the result of his negligence or omission. He can charge the delinquent party only for such damages as, by reasonable endeavors and expense, he could not prevent. (Douglass v. Stephens, 18 Mo. 362.) When the plaintiff's rails were burned and his lands left uninclosed, in consequence of fire set out by the defendant, the rule for assess-

ing his damages would be the value of his rails so lost and destroyed, and the loss of the use of the land during the time that was reasonably necessary to procure other rails and rebuild the fence.

The fire is alleged to have taken place on the third of March; and if, by reasonable and proper exertions, the plaintiff could have had the fence rebuilt in time to secure a crop for that year, he was bound to do so, and he can not hold the defendant liable for his own neglect. Whether the plaintiff was guilty of negligence, or could have had the fence restored within any given time by the use of reasonable means, so as to have diminished the damages, was a question peculiarly and exclusively for the consideration of the jury. It was outside of the scope and authority of the court to arbitrarily declare, as a principle of law, that the plaintiff was entitled to damages for the use of his land during the whole season, and exclude altogether from their minds the qualifications above indicated.

But it is contended that, although the instruction may be wrong, still the plaintiff was not injured by it, as the jury might have found damages for even a longer time than one season, and therefore the judgment should be affirmed. It is true this court has on several occasions laid down the rule that a judgment will not be reversed where no evil results from the giving of an instruction, although, strictly, it may be improper. But, to justify such a ruling, it must be apparent that not only has justice been done, but that the jury could have arrived at no other conclusion.

It seems to be admitted in this case that the plaintiff is entitled to judgment, and the amount is the whole matter in dispute. The action sounds purely in damages, and the plaintiff will be entitled to recover whatever amount of damages he may show has been sustained, and which he could not avert by reasonable exertions. The jury are the proper and appropriate judges to affix and determine the damages, upon a consideration of all the testimony. We can not say that the defendant has suffered no injury on account of the instruction given by the court. The evidence will not justify us in declaring that the result must necessarily have been the same without the instruction. Such

being the case, I am in favor of reversing the judgment and remanding the cause for a new trial in accordance with the views herein expressed.

Reversed and remanded. The other judges concur.