Judgment below is reversed, and the case remanded.

John M. Cook, for plaintiff.

Emmett E. Erskine, for defendant.

---

# RAILWAY FENCES. 466

### [Miami Circuit Court, October Term, 1893.]

### Stewart, Shauck and Shearer, JJ.

### † MILLHOUSE v. C., ST. L. & P. RY. CO.

1. **ABUTTING OWNER MAY RECOVER COST OF, AND FOR USE OF PREMISES DURING CONSTRUCTION.**

    Where a railway company fails or neglects to construct and maintain along the line of its land such a fence as is required by sec. 3324, Rev. Stat., an abutting land owner may construct or repair such fence, and recover of such railway company the reasonable cost and expense thereof, including labor and materials, together with the reasonable value of the use and occupation of his premises during the time such fence is being constructed or repaired.

2. **CANNOT RECOVER FOR LOSS OF PASTURAGE BY REASON OF COMPANY'S NEGLECT TO CONSTRUCT.**

    In such case a land owner is bound, as far as possible, to protect himself and to confine his loss to the minimum; and for damages resulting from his negligence in not making proper and reasonable effort to prevent loss he cannot recover.

† This judgment was affirmed by the supreme court on the grounds stated in this opinion, 55 O. S., 684.

Error to the Court of Common Pleas of Miami county.

SHEARER, J.

In 1891, Millhouse brought suit against the Chicago, St. Louis & Pittsburgh Railway Co. upon three causes of action to recover damages for loss of the use of pasture lands resulting from the failure and neglect of the company, during the years 1885, 1886 and 1887, to construct fences along the line of its road through his premises.

A general demurrer to each of said causes of action was sustained by the court of common pleas, and said causes of action were dismissed at the costs of the plaintiff; to reverse which judgment this proceeding is prosecuted.

Section 3324 of the Revised Statutes provides that "a company * * * having control or management of a railroad, shall construct, or cause to be constructed and maintained in good repair, on each side of such road, along the line of the lands of the company owning or operating the same, a fence sufficient to turn stock * * * and such company * * * shall be liable for all damages sustained in person or property * * * in any manner by reason of the want or insufficiency of any such fence * * * or any neglect or carelessness in the construction thereof, etc."

Section 3325 provides that "if such company * * * neglect or refuse to construct such fence as provided in the preceding section, the owner of any land abutting on the line of the land of the railroad may construct the fence therein provided for, so far as his land abuts on the railroad lands; and when he has completed the same, he may present for payment to the agent of the company for receiving and shipping freight at the station nearest to the tract of land so fenced, an itemized account of the expense thereof, including materials and labor; and if such company * * * neglect or refuse, for thirty days, to pay such account, such land-owner may recover the reasonable cost of such fence from the owner of the road, in any court having jurisdiction of the same."

Counsel for plaintiff in error claim that, under the provisions of the statute above quoted, the owner of land abutting upon a railway, is entitled to recover for any damage which may result from the failure of a railway to construct the fence contemplated by said enactment; while it is insisted on behalf of defendant in error, that the loss of pasture, occasioned by the failure of the company to fence its road, is of too remote a character to constitute a basis of recovery; that the right of action is limited to damages arising from injuries to passengers or to stock which may get upon the track of the railway by reason of the absence of, or defect, in the fence.

The supreme court of this state has not decided the question made by the record before us; but authorities are not wanting to sustain the claims of both parties herein.

The contention in favor of the liability of the company is supported by the following adjudicated cases; some of them however, limiting the measure of damages to the diminution of the value of the use and occupation of the premises by reason of the failure of the company to fence its road:

Emmons v. Ry. Co., 35 Minn., 503; same case, 38 Minn., 215; Ole Nelson v. Ry. Co., 41 Minn., 131.

In opposition to the doctrine of the foregoing cases, and holding the land-owner to the duty of protecting himself as far as possible, are:

Smith v. Ry. Co., 38 Kans., 518; Fisher v. Goebel, 40 Mo., 475; Waters v. Brown, 44 Mo., 302. See 38 Kans., 404; 1 Sutherland Damages, 150.

Smith v. Railway, *supra.* was an action to recover for loss of crops caused by the failure of the company to fence its road; and the following instruction of the trial court to the jury was approved by the supreme court:

"It was the duty of the plaintiff to use and make reasonable effort to protect his crops and prevent injury thereto; and from damages resulting from negligence or carelessness on the part of the plaintiff in not making proper and reasonable effort to protect his said crops and prevent the injury of which he complains, he cannot recover."

In Fisher v. Goebel, *supra,* an action of covenant by the lessee against the lessor for failing to build a sufficient wall in accordance with his covenant—it was held that "the lessee could recover such damages only as were direct and imme-

diate, but not remote, speculative, or contingent damages, or such as might have been avoided by his own act. That the proper measure of damages was the cost of repairing or building the wall, and compensation for the use of the premises of which he was deprived while they were undergoing repairs."

In Waters v. Brown, *supra*, which was an action under a statute of the state of Missouri for damages to the plaintiff's premises caused by the willful firing by the defendant of a prairie—the supreme court of that state, reversing the trial court, said:

"Plaintiff can charge defendant only for such damages as by reasonable endeavors and expense he could not prevent. In such case the rule for assessing damages would be the value of the rails lost or destroyed by fire, and the loss of the use of the land during the time it was reasonably necessary to procure other rails and rebuild the fence. If he could rebuild the fence in time to secure a crop for that year, he could not hold defendant liable for the failure of the crop."

The statutes of Missouri and Minnesota relating to railroad fences are substantially the same as the statute of this state upon that subject.

While, as we have seen, there is a conflict of the decisions upon the question before us, we think those cases which hold the party injured to the duty of confining his damages to the minimum, rest upon the better and stronger reason; and that where he is aware of the fact and of the cause, and that by a little timely labor and expense the damage could be avoided or lessened, the law imposes upon him the duty to stay the injury, when he is in a position to do so; and enforces the duty by confining the redress for the injury which was thus avoidable to compensation for the necessary and proper means of prevention.

In view of the circumstances of this case as disclosed by the petition, the construction of the fence by the plaintiff, thus preventing the loss of his pasture, was a reasonable duty, which he ought to have performed instead of standing by and permitting greater damages to accrue. Particularly is this true in view of the full and adequate remedy provided by statute, namely, the recovery of the cost of constructing the fence, including labor and materials.

Being of opinion that the demurrer was properly sustained, the judgment of the court of common pleas will be affirmed.

Byrkett & Gilbert, for plaintiff in error.

Frank Chance, for defendant in error.