ORMSBY & CAS-
TLEMAN
vs
JOHNSON.

---

CASE.

B Monroe
1bm 80
c128  635

*Case 28.*

*December 4.*

The case stated.

## Ormsby and Castleman *vs* Johnson.

ERROR TO THE SHELBY CIRCUIT.

*Damages. New trial. Interest.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THE Steam Boat Ben Franklin, owned by Castleman and Ormsby, having, in ascending the Ohio River, in the year 1832, run against a Flat Boat of Johnson, then descending the same river; in consequence whereof, the flat sunk and the cargo was damaged, Johnson sued the said owners of the Franklin, *in case*, for consequential damages. The Circuit Judge, being of the opinion that *case* was not the proper form of action, sustained a de-

murrer to the declaration. But this Court, in an opinion reported in 2 *Dana,* decided that *case* might be maintained for the consequential damage, and therefore reversed the judgment and remanded the cause for trial. Afterwards, to wit: in November, 1839, the venue having been changed in the mean time, from Jefferson to Shelby county, and the defendant in the action having made default, a jury, empannelled to enquire of damages, returned a verdict for $2900, for which judgment was rendered by the Court. At a subsequent day of the same term, Ormsby appeared, filed an affidavit, and moved for a new trial, on various grounds; but the motion was overruled, and we are now again required to revise the case.

Being, as we are, clearly of the opinion that the affidavit does not *per se,* furnish sufficient ground for setting aside the verdict, we shall only notice two other causes relied on for a new trial, and which we deem altogether sufficient.

1st. The amount assessed was not, in our opinion, authorized by any allowable deduction from the law and the facts of the case. Having, by electing the action on *the case,* waived all claim to any damage from the force, Johnson can be entitled to recover only the consequential damage which actually accrued to him. And the proof is clearly insufficient, in our judgment, to authorize the inference that such damage was equal to $2900. The value of the boat, and of the provisions, and of about eight barrels of whiskey, which seem to have been totally lost, should not be estimated at more than about $275. There was no proof of any other total loss. As to the extent of the damage to the butter, lard, and apples on board, and all of which were rescued, there was no proof, nor was there any proof as to the character or extent of the damage to the six hundred and fourteen barrels of flour, all of which, except an indefinite "few," were also rescued and re-shipped on a steam boat, together with the apples, lard, and butter. The only proof as to the damage to these articles is, that they were all immersed, and that the water had, to some unexplained extent, wet the flour. As these articles were re-shipped, and probably taken to the destined market and sold, the presump-

*When case is the form of action adopted against the owners of a steam boat for an injury done to a flat boat, all claim to damages for the force is waived; & plaintiff is entitled to recover only the consequential damage actually sustained.*

ORMSBY & CASTLEMAN
*vs*
JOHNSON.

tion is strong, that had the loss been total, or even very great, Johnson would, as he surely might, have proved the fact on his *exparte* inquisition; and his total failure in this respect, authorizes no other conclusion, than that the damage from deterioration, was not very material. However, according to the most liberal deduction that could be reasonably made in favor of the verdict, the total damage could not have been equal to $2900, without computing interest on the principal amount from the date of the injury, but which the law does not allow in the assessment of damages in such a case; and indeed, were interest allowable, the vague and indeterminate fact that the flour and other articles were, for a short time sunk, ought not, in our opinion, to produce an assessment of as much damage as $2900.

—In such case, interest on the amount of damages cannot be assessed.

If the Circuit Judge, in the absence of defendant's attorney, on the execution of a writ of inquiry, permit plaintiff's attorney to mis-state the law, and in consequence thereof, recover more than the law justifies, for that cause a new trial will be awarded.

2d. Although neither of the defendants in the action, nor any person representing them, was present at the inquisition, the Circuit Judge permitted the plaintiff's counsel to tell the jury, that the law authorized them to charge legal interest, on the actual damage, from the date of the injury. And there can be but little, if any, doubt that such interest was, in fact, included in the assessment returned by the jury. It sufficiently appears, therefore, that the plaintiffs in error were prejudiced in this respect, by the apparent sanction given by the silence of the Judge, to an erroneous declaration as to the law of the case, made to the jury in his presence and hearing, by the counsel of Johnson. It was the duty of the Judge to see that there was a fair trial, and that the jury should not be misled as to the law, by the counsel of the only party present. Under the circumstances, as they occurred, the silence of the Judge implied his concurrence in what the counsel told the jury, respecting their legal right to charge interest; and it being almost evident that interest was included in the assessment, the verdict, even without regarding the tacit error in the Court, should have been set aside for exorbitance.

Wherefore, the judgment is reversed and the cause remanded for a new trial.

*McHenry and Wheatley* for plaintiff: *Grigsby* for defendants.