CASE 20—PETITION ORDINARY—MARCH 12.

# Chesapeake, &c R. Co. v. Osborne.

APPEAL FROM GREENUP CIRCUIT COURT.

1. RAILROADS—EJECTION OF PASSENGER FROM EXCURSION TRAIN.— Where one who had bought a ticket for a certain point on a railroad attempted soon after to get upon an excursion train which stopped at the station, and was forcibly ejected, the railroad company can not escape liability upon the ground that it had placed its cars and train-hands under the control of another for the purposes of the excursion, and that the person ejected had no right to ride upon that train. Public policy and the law alike forbid that a railway company should be allowed to place its road, cars and train-hands under the control of a stranger for such a purpose, and thus evade liability for the wrongs done by such person.

2. EXCESSIVE VERDICT.—A verdict for $1,000 for the ejection of a passenger from a railroad train is not, under the circumstances of this case, so excessive as to show that it was the result of passion or prejudice.

WADSWORTH & COCHRAN FOR APPELLANT.

1. As no attack was made upon appellee's character, it was not competent for him to introduce evidence as to his good standing in the community in which he lived.

2. Steward was not the agent of appellant and it was not responsible for his acts.

3. The court erred in refusing to instruct the jury, as asked by appellant, that the person ejecting appellee had the right to use only such force as *reasonably appeared to be necessary* to eject him.

4. The amount of damages assessed was flagrantly excessive.

THOMAS H. PAYNTER FOR APPELLEE.

1. Defendant is liable for the acts of Steward.  It can not escape 'the
.consequences of his wrongful conduct by claiming he was not
in its employ.  (Winnegar's Adm'r v. Central Passenger R. Co.,
85 Ky., 547; s. c. 34 Am. & Eng. R. Cases, p. 465; Bower v. B. & S.
W. R. Co., 42 Iowa, 546; Wood on Railway Law, vol. 3, p. 1442, sec.
366; Railroad Co. v. Brown, 17 Wall., 445; Williams v. Pullman
Palace Car Co., &c., 33 Am. & Eng. Railway Cases; Thorpe v.
Railway Co., 76 N. Y., 402; Fick v. C. & N. W. R. Co., 34 Am. &
Eng. R. Cases.)
2. Appellee was not a trespasser, but even had he been he would
have been entitled to recover.  (Carter v. Louisville, &c., R. Co.,
22 Am. & Eng. R. Cases, 360; s. c. 99 Ind., 552; Louisville, &c., R.
Co. v. Sullivan, 81 Ky., 63; Kline v. C. P. R. Co., 37 Cal., 400.)
3. The facts alleged and proved do not constitute a leasing by defend-
ant of its road or train, but even if they could be so regarded, de-
fendant would still be liable, as railroad companies can not lease
their lines so as to relieve themselves from liability for the negli-
gence and torts of the lessee without legislative authority to lease
and to exempt from such liability.  (Pierce on American Railroad
Law, 244; International & Great Northern R. Co. v. Moody, 35
Am. & Eng. R. Cases; Balsley v. St. Louis, &c., R. Co., 35 Am. &
Eng. R. Cases.)
4. A verdict can not be set aside as excessive, unless it is so glaringly
excessive as to appear "at first blush" to have resulted from pas-
sion or prejudice. (L. & N. R. Co. v. Mitchell, 87 Ky., 337; L. & N.
R. Co. v. Ballard, 88 Ky.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This is an appeal taken from a judgment of the Greenup
Circuit Court rendered in the action of David Osborne
against the appellant, Chesapeake & Ohio Railway Company.
It appears that appellee some time prior to 11th of July,
1891, bought of the ticket agent of appellant, at Russell,
Kentucky, a ticket to Ashland, and that soon afterwards a
train of cars reached Russell, and appellant with the ticket
stuck in his hat boarded the cars, or at least got upon the
steps, and was by one Steward ejected from the car by force,
and as appellee claims while the car was in motion, and that

he was thereby injured, mortified and humiliated; and to re-
cover damages for the injuries instituted suit in said
court. A trial resulted in a verdict and judgment in favor
of plaintiff for $1,000. Appellant filed grounds and
moved the court for new trial, which motion was overruled,
and the defendant has appealed.

The defendant in the court below denied its liability for
the injury, if any was sustained. The substance of the an-
swer was that it had let I. W. Steward have the train and
train-hands, including the conductor, for the purpose of run-
ning an excursion train to Kanawha Falls, and that the ap-
pellant was in no wise responsible for the acts of Steward,
and that appellee had no right to ride on that train..

Public policy and the law alike forbid that a railway com-
pany shall be allowed to place its road, train-hands, and
cars in the hands of, or under the control of, a stranger for
such purpose as is claimed in this action, and thus evade
liability for the wrongs done by such person.

Appellant sets out a number of grounds for new trial,
nine in all. Inasmuch as defendant finally procured
the attendance of the principal witness whose tes-
timony was so much desired, the refusal of the
court to continue the case did not interfere with the
substantial rights of the defendant. The admission
of the testimony of Carner and Hill, although errone-
ous, did not affect, as we think, the substantial rights of the
defendant, especially as the same was afterwards with-
drawn.

Instructions 1 and 2 given by the court were as favorable
to defendant as it was entitled to, and the same may be
said as to instructions 3 and 4. Instructions 5, 6, 7 and 8
are not in this record, and under the well-known rule of law
they must be held to have been properly refused. It does

not appear that the verdict is so excessive as to show that it was the result of passion or prejudice. The other grounds need not be further noticed. It seems to us that the instructions taken altogether were not prejudicial to the substantial rights of defendant. All the issues of fact involved in this case were under proper instructions submitted to the jury, and the jury, being the judges as to the facts proven and the credibility of the witnesses, found for the plaintiff, and we do not feel authorized to disturb the verdict so found.

Judgment affirmed.

Judge Paynter not sitting.