CASE 25.—ACTION BY A. B. SIGHTS AGAINST THE L. & N. R. R. CO. FOR DAMAGES FOR PERSONAL INJURY.— October 13.

121 203
128 639

## L. & N. R. R. Co. v. Sights.

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Railroads—Crossings—Warning by Flagman—It is the duty of a flagman at a railroad crossing to give the driver of a team such warning of the approach of a train as will enable him to stop his team at a point where an ordinarily well-broken and gentle team would not become dangerously frightened, or where, if his horses were not ordinarily well-broken and gentle, he would have time to turn around and drive to a point of safety.

2. Damages—Personal Injuries—The measure of damages for personal injury is the expense of plaintiff's cure, the value of the time lost by him during his disabilities, and a fair compensation for his bodily and mental suffering caused by the injury, as well as for any permanent reduction in his earning powers.

3. Same—Instructions—The term "permanent inability to labor," in an instruction as to measure of damages for personal injury, is not the precise equivalent of "permanent reduction in his power to earn money;" and allowing remuneration for "inconvenience" suffered is too latitudinous.

4. Negligence — Contributory Negligence — Instructions — An instruction assuming that, to entitle defendant to the benefit of the rule of contributory negligence, it must have been entirely free of negligence, is contrary to the theory of contributory negligence.

5. Railroads—Crossings—Operation of Train—A railroad company has the right, as against one approaching a crossing with a

L. & N. R. R. Co. v. Sights.

team, to operate its engine and cars in the usual and ordinary way, and to make such noises or movements as are usually and necessarily made by trains in motion under similar circumstances.

BENJAMIN D. WARFIELD and YEAMAN & YEAMAN for appellant.

### POINTS AND AUTHORITIES.

1. Appellant's plea of contributory negligence was made out by appellee's own proof, and the peremptory instruction asked should have been given.

2. The verdict is flagrantly against the evidence.

3. This case on this second appeal does not present the same state of facts that was presented on the first appeal. (Sights v. L. & N. R. R. Co., 25 Ky. Law Rep., 1548, 72 S. W., 172.)

4. The instructions were erroneous because, first, before the jury could find for defendant on the ground of plaintiff's contributory negligence they must believe that the defendant was not guilty of any negligence; second, jury should have been told that the noises from which the plaintiff's horses took fright were unnecessary and improper, before they could find for plaintiff on that ground; third, there is no averment in the petition that authorized a recovery for future loss of time; fourth, the instructions do not properly limit the recovery for future suffering and future loss of time from business; fifth, the instructions were confusing and misleading to the jury. (Baries v. Louisville Electric Light Co., 80 S. W., 814, 25 Ky. Law Rep., 2303; South Covington v. Pelzer, 19 Ky. Law Rep., 88, 39 S. W., 496; L. & N. R. R. Co. v. Penrod's Adm'r, 108 Ky., 172, 22 Ky. Law Rep., 75, 56 S. W., 1; L. & N. R. R. Co. v. Howerton, 24 Ky. Law Rep., 1905, 72 S. W., 760.)

5. Four thousand dollars for a fractured ankle, there being no grounds for punitive damages, is grossly excessive. (Louisville, &c., Co. v. Minogue, 90 Ky., 369; L. & N. R. R. Co. v. Foley, 94 Ky., 220; L. & N. R. R. Co. v. Law, 14 Ky. Law Rep., 850, 21 S. W., 648.)

### POINTS AND AUTHORITIES CITED.

1. The facts being different on this trial from those on former trial, the court's opinion as to the facts on the former trial are not res judicata on this appeal. (3 Am. Digest, column 2344; L. & N. R. R. Co. v. Offutt, 99 Ky., 427.

L. & N. R. R. Co. v. Sights.

2. Instruction as to measure of damages 'error. (L. & N. R. R. Co. v. Logsdon, 114 Ky., 746; L. & N. R. R. Co. v. Hall, 115 Ky., 579.)

3. While in a civil case the court is not bound to give the jury all the law of the case, it is bound to give correctly all the law it does give, whether or not the prejudiced party asked an instruction covering the particular point complained of. (Wills, &c. v. Tanner, &c., 19 Ky.· Law Rep., 795.)

4. The instructions were erroneous as to the character of noises from the engine that would authorize a recovery. (L. & N. R. R. Co. v. Penrod's Adm'r, 108 Ky., 172.)

5. The damages are grossly excessive, no punitive damages being authorized. (So. Cov. St. Ry. Co. v. Ware, 84 Ky., 267.)

CLAY & CLAY for appellee.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The facts in this case are identical with the facts on the first appeal, and the questions of sufficiency of petition and peremptory instruction are concluded by the opinion therein. (Sights v. L. & N. R. R. Co., 78 S. W., 172.)

2. The verdict is amply sustained by the evidence.

3. Instructions:

a. The criterion of recovery is properly submitted.

b. The third instruction submits the plea made by defendant in its answer almost word for word, and defendant is estopped from complaining of it.

c. Defendant was not entitled to an instruction on contributory negligence under the evidence.

d. Defendant was not entitled to an instruction on contributory negligence because it tendered none. (L. & N. R. R. Co. v. Mattingly, 57 S. W., 620; Felton v. Curd, 60 S. W., 297; L. & N. R. R. Co. v. Bullins, 15 Ky. Law Rep., 752.)

e. The question of contributory negligence is thoroughly and completely submitted under all the instructions.

f. The fourth instruction was proper.

g. Inadvertent use of "or" for "and" is immaterial, especially when misunderstanding is made impossible by another instruction. (Wiedman v. Line, 13 Ky. Law Rep., 590.)

h. The instructions as a whole are harmonious and completely submit the issues.

4. The damages awarded are not excessive. (Baltimore & O. Ry.

Co. v. Hausman, 54 S. W., 841; L., H. & St. L. Ry. Co. v. Lyon, 58 S. W., 434.)

OPINION BY JUDGE BARKER—Reversing.

This is the second appeal of this case to this court. On the first trial in the circuit court a peremptory instruction was awarded the appellant company to the jury to find for it, at the conclusion of plaintiff's evidence. Upon appeal the judgment was reversed, for the reasons given in an opinion to be found in 117 Ky., 436, 78 S. W., 172, 25 Ky. Law Rep., 1548.

Upon the second trial the evidence for the plaintiff was substantially the same as upon the first, and we adopt the following statement from the opinion of Chief Justice Burnam on the first appeal as a basis for a discussion of the questions of law arising upon this: "The alleged acts of negligence on the part of the defendant consisted in driving its engine across one of the most frequented streets of the city of Henderson without giving any signals of its approach, and in the failure of their flagman, who was stationed at the crossing in conformity of one of the ordinances of the city of Henderson, to give them warning of the approach of the engine until too late to avoid the injury; third, in causing the engine to emit violent and unusual noises when close to and in front of plaintiff's horses. The testimony of appellant, which was corroborated by that of Mr. Johnson, who was driving with him, was to the effect that the railway company had maintained at their crossing of Second street in the city of Henderson, in conformity with the requirements of a city ordinance, a flagman whose duty required, when trains were approaching the street, that he should stand in the middle thereof and give notice of their approach to travelers by waving his flag; that a small house had been erected

between the tracks of the L. & N. R. R. Co. and those of the Illinois Central R. R. Co. for his accommodation, and when the way was unobstructed he usually retired to his house; that on the date of the accident appellant was riding in a buggy pulled by two horses, which were being driven by Mr. Johnson, along Second street in the direction of the railroad crossing; that when they arrived at within 200 yards of the crossing they discovered an engine backing a train across the street south, and they stopped their horses and remained standing until the entire train had disappeared behind a train of box cars which were standing upon the track; that after the train passed out of view, not seeing the flagman in the street, they concluded that it was safe to approach, and drove their horses slowly and cautiously toward the crossing; that when they arrived at within about 15 or 20 feet of the track of the Illinois Central R. R. Co. they saw the flagman standing near his shanty on the side of the street with his back to the railroad and his flag across his shoulders, holding it with both hands; that suddenly, and without warning of its approach, the engine reappeared from behind the train of box cars, and simultaneously with its appearance the engine emitted a succession of violent and unusual noises, and that at this time, for the first time, the flagman began to wave his flag; that their horses became frightened at the noise of the train and immediately turned around, throwing appellant out of the buggy and running away; that as a result of the accident appellant's leg was broken, and he was for some time confined to his house and unable to perform his duties." The evidence adduced by the appellee on the last trial below substantially sustains the foregoing statement, and that of the appellant in the main contradicts that of appellee.

At the close of all the testimony the court overruled the motion of appellant for a peremptory instruction, and the jury returned a verdict in favor of appellee in the sum of $4,000, and the railroad is here on appeal.

The first instruction given the jury is faulty, in that it fails to establish any standard of duty on the part of the flagman in the matter of giving warning of the approach of the train to the crossing. One who has observed the conduct of horses as they approach a railroad crossing in the presence of a passing train will be struck with the difference in their actions. Some horses can be driven with safety up to a point within a very few feet of a passing train; others must be stopped at a long distance to secure immunity from danger, while still others may be safely stopped at various points between these two extremes. It therefore is important that the flagman should know how close he may safely permit a driver to come before flagging. There must be some standard of distance for him to observe. We have, therefore, after considerable reflection upon this subject, concluded that the court should have said to the jury substantially that it was the flagman's duty to have given appellee such warning of the approach of the train as would enable him to stop his team at a point where an ordinarily well broken and gentle team would not become dangerously frightened, or such warning as would give him time, if his team were not ordinarily well broken and gentle, to turn around and drive to a point of safety.

The first instruction is also faulty in the measure of damages it establishes. Shearman & Redfield, in their work on the Law of Negligence (sec. 758), in our opinion state the correct rule on this subject as follows: "In an action for negligent in-

jury to the person of the plaintiff, he may recover the expense of his cure, the value of the time lost by him during his disabilities, and a fair compensation for the bodily and mental suffering caused by the injury, as well as for any permanent reduction of his power to earn money." And this rule should have been given the jury in lieu of the one contained in the instruction. "Permanent inability to labor" is not the precise equivalent of "permanent reduction in his power to earn money," and to allow the jury to remunerate the "inconvenience" suffered by appellee is entirely too latitudinous.

The third instruction incorrectly states the rule as to contributory negligence, in that it assumes that, in order to be entitled to it, the appellant's agents must have been entirely free of negligence. This is contrary to the whole theory upon which contributory negligence is predicated. Contributory negligence on the part of the plaintiff necessarily assumes negligence upon the part of the defendant. The one is correlative of the other. In lieu of No. 3, the jury should have been told, substantially, that, although the defendant's agents were negligent in failing to give the plaintiff proper warning of the approach of the train, yet, if appellee was also negligent of his own safety in approaching the crossing, and except for his contributory negligence the injury would not have occurred, the law is for the defendant.

Only so much of instruction No. 4 as follows should have been given: "The court further instructs you that, if you believe from the evidence that the flagman so stationed at said crossing at the time plaintiff approached the same was not in his custo-

vol, 121—14

mary place of duty, then the plaintiff had a right to presume, in the absence of a reasonable and timely warning to the contrary, that he would not be exposed to danger from approaching trains in driving near or crossing said track." The rest of it should have been omitted.

The fifth instruction should have contained only the following language: "The court instructs the jury that the defendant had the right to operate its engine and cars in the usual and ordinary way, and to make such noises or movements as are usually and necessarily made by trains in motion under similar circumstances."

The conclusion we have reached as to the errors in the instructions precludes the necessity of an examination of the question as to whether or not the verdict is excessive.

For the reasons given the judgment is reversed, for proceedings consistent herewith.