CASE 63.—ACTION BY CLEMENS SCHULTE AGAINST THE LOUISVILLE & NASHVILLE R. R. CO. AND ANOTHER FOR DAMAGES FOR INJURY TO PERSONAL PROPERTY.—March 25.

# Schulte v. Louisville & Nashville R. R. Co.

128   627
f130   765

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for plaintiff and he appeals—Affirmed.

1. Judgment—Notwithstanding Verdict—Contributory Negligence—Reply—Necessity.—Unless the plea of contributory negligence is controverted of record or replied to, defendant is entitled to judgment on the pleadings, though plaintiff may have obtained a verdict.

2. Pleading — Amendments — Discretion of Court.—Under Civil Code Prac. section 134, authorizing the court at any time in furtherance of justice and on proper terms to permit a pleading to be amended, the discretion of the trial court in allowing amendment of pleadings during a trial should be exercised with liberality to secure a trial on the merits; and, where it does not appear that the substantial rights of the adverse party will be prejudiced by an amendment, but that injustice will be done if it is rejected, the court should allow it on such terms as will protect the rights of the parties.

3. Same—Reply.—In an action for injuries through negligence, the trial court should have permitted plaintiff to file on the trial a reply to defendant's plea of contributory negligence, on motion by defendant, at the close of plaintiff's evidence, for judgment on the pleadings for want of reply, on condition that plaintiff pay the costs up to the time of the filing, and that he continue the case if defendant so desired.

4. Damages — Injuries to Personal Property — Interest.—Where personal property, is injured or destroyed by negligent, wrongful, or unlawful acts, and the owner is thereby deprived of its use and possession, he is entitled in a suit for its loss

to recover the value of the property and interest thereon in the discretion of the jury.

5. "Negligence" — Definition. — Negligence, generally speaking, whether it be ordinary or gross, is merely an omission to perform a duty, and is not ana ffirmative wrongful act, though there may be instances where gross negligence is of an affirmative character, and amounts to an intentional wrong, or a reckless disregard of the rights of others.

6. Railroads—Accident at Street Crossing—Damages—Injuries to Personal Property—Punitive Damages.—Where, in an action against a railroad for injuries to plaintiff's horses and wagon through being struck by a train at a street crossing, the only act of negligence committed was the failure of defendant's gate watchman to close the gates, plaintiff was not entitled to recover punitive damages.

7. Damages—Punitive Damages—Grounds.—Exemplary damages may be awarded in trespass, or where there is injury to personal property, if it is attended by affirmative acts of aggravation, or is the result of wilful, reckless or malicious conduct.

8. Same—Pleading.—Where, in an action for injuries to personal property through negligence, plaintiff desires to recover for loss of its use, he must specifically plead it; such element of damage not being recoverable under a general allegation of negligence.

9. Same—Loss of Use of Property.—Where damages are sought for injury to personal property, as well as damages for the deprivation of its use, interest is not allowable, as the recovery for the use takes the place of interest.

10. Railroads — Operation — Companies Liable — Accidents at Crossings—Gates at Crossing.—Where gates for the protection of the public are necessary where a street crosses a railroad track, it is the duty of every railroad company using the track to protect the crossing, and each company and the owner of the track are jointly and severally liable for injuries by trains resulting from a failure to perform such duty.

11. Same—Crossing Accidents—Duty of Persons Crossing.— When gates at a crossing are kept closed when trains are approaching, and open when they are not, the fact that they are open is an invitation to the public to cross, and persons desiring to cross have a right to assume that they can do so without being struck by approaching trains, though they are not thereby relieved from exercising ordinary care for

Schulte v. Louisville & Nashville R. R. Co.

their own safety or from attending to other notice or warning of the approach of trains.

12. Appeal—Review—Harmless Error—Pleading—Instructions.— Where, in an action against two railroads for injuries to plaintiff's horses and wagon through being struck by a train operated by one of defendants over the other's track, the judgment recovered by plaintiff against one of defendants was substantially all that he was entitled to recover against either or both of them, and was collectible, error of the trial court in refusing to permit a reply to be filed to the answer of the other defendant, and in declining to instruct that the jury might allow interest on the value of the property from the time of the injury, was not ground for reversal; the matter of interest being small, and the probability of its recovery being indefinite.

ROBERT C. SIMMONS for appellant.

POINTS AND AUTHORITIES CITED.

1. Appellant's reply should have been filed. (Kearney v. City of Covington, 1 Metc., 340, 342; Metropolitan Ins. Co. v. Smith, 22 Ky. Law Rep., 868; L. & N. R. R. Co. v. Bocock; Wash. Mfg. & Min. Co. v. Barnett, 19 Ky. Law Rep., 958, 960; Hall v. Cornett, 19 Ky. Law Rep., 1552; Mount v. Tappey, 7 Bush, 617, 622; Miller v. Withers, 3 Ky. Law Rep., 57; Atkeson v. Salyer's Admx., 23 Ky. Law Rep., 836; Cassidy and Others v. Bank, 23 Ky. Law Rep., 208; C. & O. R. R. Co. v. Riddle, 24 Ky. Law Rep., 1688; Ashbrook v. Roberts, 82 Rep., 30; Eckler v. Galbraith, 12 Bush, 74; L. & N. R. R. Co. v. Copas, 14 K y.Law Rep., 672.)

2. Appellant entitled to interest at discretion of jury. (Instruction "M," Ky. Law Rep., 124; Instruction "N," Ky. Law Rep., 124; Sedgwick on Damages, 432, 433; Sutherland on Damages, 3rd Ed.) 347, 355; Plow Works v. Niles & Co., 107 Wis., 9; Regan v. N. Y. etc. R. R. Co., 60 Conn., 124, 142; Adams Express Co. v. McDonald, 1 Bush, 32; Newcomb-Buchanan Co. v. Baskett, 14 Bush, 658; Joyce on Damages, 1034; 16 Am. & Eng. Ency. of Law, 2nd. Ed., 1027; Ormsby v. Johnson, 1 B. Mon., 81.)

3. An instruction for punitive damages should have been given. (Kountz v. Brown, 16 B. Mon., 577, 586; Bronson v. Green, 2 Duv., 234; Loeser v. Axtin, 12 Rep., 636; Ky. Mid. Rwy. Co. v. Stump, 12 Ky. Law Rep., 314; S. Cov. & Cin. St. Rwy. Co. v. McHugh, 25 Ky. Law Rep., 1112; 13 Cyc. pp. 11, 112; Joyce on Damages, 1045, 1064; Am. & Eng. Ency. of Law, vol. 12, p. 13.)

Schulte v. Louisville & Nashville R. R. Co.

4. Appellant entitled to recover for loss of use of horse. (Sedg-wick on Damages, 195, 435; Joyce on Damages, 1040.)

5. Appellee L. & N. responsible for negligence of watchman. (C. & O. v. Osborne, 97 Ky., 112; L. H. & St. L. Ry. Co. v. I. C. R. R. Co., 29 Ky. Law Rep., 265; L. H. & St. L. Ry. Co. v. Kessee, 31 Ky. Law Rep., 617.)

6. Position of gates relevant.

7. Open gates invitation to cross. (Instruction "G" and "H," Ky. Law Rep., 123; Sights v. L. & N. R. R. Co., 28 Ky. Law Rep., 186.)

8. Instruction number one erroneous.. (Instruction "B," Ky. Law Rep., 120.)

GALVIN & GALVIN for Cov. & Cin. Elevated Transfer and Bridge Co.

POINTS AND AUTHORITIES.

Contributory negligence being pleaded in answer and undenied peremptory instruction must be granted.

It has been the uniform and universal rule of this court that where there is a plea of contributory negligence in the answer of a defendant charged with negligence without a reply travers-ing such plea of contributory negligence, the court must on motion, grant a peremptory instruction. (L. & N. v. Wade, 11 Ky. Law Rep., 904; L. & N. v. Copas, 16 Ky. Law Rep., 14; White v. L. & N., 15 Ky. Law Rep., 49; Gore v. Ill. Cent., 17 Ky. Law Rep., 719; L. & N. v. Mayfield, 18 Ky. Law Rep., 224; I. C. R. R. v. Nall, 21 Ky. Law Rep., 281; Brooks v. L. & N., 24 Ky. Law Rep., 1318.)

S. D. ROUSE for appellee L. & N. R. R. Co.

It hardly seems to be good law that exemplary damages should be allowed for injury to personal property, unless the act was wilful, but the rule seems to be to the contrary, and the point is not contended for by us.

AUTHORITIES CITED.

Ormsby v. Johnson, 1 B. Mon., 80; L. & N. R R. Co. v. Schweitzer, 11 Ky. Law Rep., 310; Cully v. L. & N. R. R. Co., 101 &Ky., 319.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant brought this suit against the Louisville & Nashville Railroad Company and the Covington & Cincinnati Elevated Railroad Company, averring that while his servant was driving a wagon and team of horses along Twelfth street, in the city of Covington, his horses and wagon were struck by a locomotive engine operated by the Louisville & Nashville Railroad Company at a point where the railroad crossed Twelfth street; the collision demolishing the wagon, killing one of the horses and crippling the other, and causing the loss of all the dairy products in the wagon, to his damage in the sum of $2,200. Each of the defendants filed answers traversing the averments of the petition, and the Covington & Cincinnati Elevated Railroad Company, in addition, pleaded contributory negligence on the part of Phillip Roth, the employe of appellant, who was driving the wagon.   Appellant filed a reply to the answer of the Louisville & Nashville Railroad Company, but failed to file one to the answer of the Covington & Cincinnati Elevated Railroad Company.   The case went to trial before a jury, and the evidence conduced to show that Roth was driving at an ordinary gait; that, when he approached the railroad tracks, the gates maintained on each side of it for the purpose of warning travelers and preventing them from crossing when a train was approaching, were up; that he did not hear any engine bell ringing or whistle blown, or receive other warning as he came near the track, and, the gates being up, he drove along, not suspecting any danger, and did not know of the approach of the train,

which was running about 25 miles an hour, until his team was on the track. The railroad employe who had charge of the gates, and whose duty it was to close or put them down, was talking to a man near by, and neglected to close the gates. The railroad track was owned by the Covington & Cincinnati Elevated Railroad Company, and the gatekeeper was its employe, but the trains of the Louisville & Nashville Railroad Company were operated over it. Upon the conclusion of the evidence for plaintiff, the Covington & Cincinnati Eelevated Railroad Company asked for a peremptory instruction, upon the ground that there was no denial of the plea of contributory neglect in its answer. Thereupon the attorney for plaintiff offered to file a reply, and also to pay the costs of the trial up to that time, and to continue the case if the Covington & Cincinnati Elevated Railroad Company desired it. These motions and requests were overruled, and the jury directed to return a verdict for the Covington & Cincinnati Elevated Railroad Company. The trial proceeded against the Louisville & Nashville Railroad Company, when a verdict was returned against it for $425, the actual loss sustained by appellant being some $515, according to the evidence in his behalf, but less than this under the evidence for appellee; in short, the verdict was substantially correct. A reversal is asked, first, because the trial court failed to allow a reply to be filed; second, in declining to instruct the jury that they might award interest on the value of the property destroyed from the time of its destruction, and also refusing to give an instruction on the subject of punitive damages; third, in failing to instruct the jury that they might allow damages for the use of the horse that was injured; fourth, in failing to instruct that the Louisville & Nashville Rail-

road Company was responsible for the negligence of the gate watchman; and, fifth, for errors in giving instructions.

It has been frequently held that, unless the plea of contributory neglect in an answer is controverted of record or replied to, the defendant is entitled to a judgment in his behalf on the pleadings, notwithstanding the fact that the plaintiff may have obtained a verdict. L. & N. R. R. Co. v. Paynter's Adm'r, 82 S. W. 412, 26 Ky. Law Rep. 761; L. & N. R. Co v. Copas, 95 Ky. 460, 16 Ky. Law Rep. 14, 26 S. W. 179; L. & N. R. Co. v. Mayfield, 35 S. W. 924, 18 Ky. Law Rep. 224; Brooks v. L. & N. R. Co., 71 S. W. 507; 24 Ky. Law Rep. 1318. And, when the plaintiff rested his case in the court below, the defendant upon the pleadings as they stood was entitled to the peremptory instruction requested, if the plaintiff had not when the motion was made offered to file a reply. The trial court has a large discretion in the matter of allowing amended pleadings to be filed during the progress of a trail; and this discretion should be exercised with great liberality when the purpose of the amendment is to enable the party offering it to obtain a trial of the case upon its merits, and it is not tendered for delay or to obstruct justice. When, in the language of section 134 of the Civil Code of Practice, an amendment offered during the trial "is in furtherance of justice," and it does not appear that the substantial or meritorious rights of the adverse party will be prejudiced by its filing, but that injustice will be done if it is rejected, the court should permit it to be filed upon such terms as will insure a fair trial and protect the rights of the parties. Ford v. Providence Coal Co. 124 Ky. 517, 99 S. W. 609, 30 Ky. Law Rep. 608; Kearney v. City of Covington, 1 Metc. 340; Wash-

ington Mfg. & Mining Co. v. Barnett, 42 S. W. 1120, 19 Ky. L. R. 958. In the case before us the court should have permitted the reply to be filed requiring the plaintiff to pay the costs up to the time of the filing, and also continuing the case if the defendant desired a continuance.

In respect to the question of interest, we are of the opinion that the jury should have been instructed that, if they found for plaintiff, they might in their discretion allow him interest on the sum found as the value of the property destroyed from the date of the injury, as to the horse that was injured up to the time the owner was fully restored to his use and possession. Where personal property is injured or destroyed by negligent, wrongful, or unlawful acts, and the owner is thereby deprived of its use and possession, in a suit to recover damages for the loss, he is entitled to the value of the property and interest thereon in the discretion of the jury. If the recovery was limited to the value, he would receive no compensation for the deprivation of the use between the time of the injury and the trial, or the date he was restored to the use and possession if this happened before the trial, and the recovery would not be adequate recompense for the loss. This rule cannot be applied when it is sought to recover unliquidated damages, or in cases where no certain or fixed sum is claimed that may be awarded as compensation, and the jury are authorized to and may assess any amount in their discretion. In this class of cases the amount the plaintiff is entitled to recover cannot be estimated at the time of the injury, or, indeed, until there has been a verdict and judgment. And in cases where exemplary damages are recoverable and allowed, and the plaintiff gets more than compensation, he is not entitled to interest, as

the interest and the exemplary damages would be in a measure double compensation. But, where personal property has been destroyed or injured, and the recovery is limited to compensation, the amount of damage sustained can be approximately if not accurately ascertained at the time and the parties can adjust the loss on a basis fairly susceptible of reasonable estimation. This rule is supported by the decided weight of authority, and meets with our approval. Sedgwick on Damages, section 433; Sutherland on Damages, section 355; Joyce on Damages, section 1034; 22 Cyc. 1500; 16 Am. & Eng. Ency. of Law, p. 1027. A contrary view seems to have been expressed by this court in Ormsby v. Johnson, 1 B. Mon. 80, but the better rule is the one that allows the jury in their discretion to award interest in cases of this character.

Appellant further insists that the jury should have been instructed in their discretion to award exemplary damages or punitive damages. There is some authority to the effect that exemplary damages may be recovered in actions where personal property has been injured or destroyed by gross negligence; but we are not disposed to apply this rule to negligence cases like the one under consideration, where it is sought to recover the value of property. Negligence, generally speaking, whether it be ordinary or gross, is merely an omission to perform a duty, although there may be instances where gross negligence is of an affirmative character, and amounts to an intentional wrong or a reckless disregard of the rights of others. But, strictly speaking, it is not an affirmative wrongful act, such as trespass, or other acts that are accompanied by circumstances of aggravation or attended by fraud, malice, or intentional wrong. There is a marked distinction between personal injury cases or

those involving loss of life by negligence or wrongful
act, and actions to recover the value of property
injured or destroyed by negligence.  In the former
the damages are not susceptible of accurate or even
approximate estimation.  No certain or even satis-
factory rule of compensation can be laid down for the
loss of an arm or a leg or a life.  Therefore the courts
have permitted exemplary damages to be recovered
when the negligence causing the personal injury or
death was gross.  But where personal property is
injured or destroyed, it can be replaced.  The person
damaged can be made whole.  The loss he has sus-
tained is capable of accurate, or at least approximate
measurement, and, when he has received the value of
the property with interest thereon, he has been com-
pensated for the wrong done, and this is all that in
negligence cases when property only is involved, and
the elements of fraud, oppression, reckless or inten-
tional wrongdoing are lacking, that he is entitled to
unless it is sought to recover for the use.  The case
of Kountz v. Brown, 16 B. Mon. 577, relied on by
appellants as allowing the jury to award exemplary
damages in cases of this character, does not conflict
with the views herein expressed.  There the wrong
committed was an affirmative wilful act, and the court
said: ''In actions for forcible injuries the general rule
is that the jury may give exemplary damages, and
certainly they may be told that they can do so where
the injury in their opinion may have been wilful.  It
is not necessary to say whether the testimony was
sufficient to authorize the conclusions that the injuries
were committed wilfully; for, if they were recklessly
committed as the jury clearly had a right to infer in
regard to the last and principal injury, the law did
not confine them to the actual injury, but authorized

them to give exemplary damages. It is not alone for wilful trespasses that exemplary damages are authorized by law to be given, but they are authorized, also, for acts of wanton and reckless carelessness.'' Along the same line is South Covington & Cincinnati St. Ry. Co. v. McHugh, 77 S. W. 202, 25 Ky. Law Rep. 1112. There, as in the Kountz Case, the act complained of was more than a mere omission of duty, it was an affirmative wrong, a reckless disregard of life and property.

In the case before us the only act of negligence committed was the failure of the gate watchman to close the gates. His conduct, although amounting to gross negligence, was not a wilful or intentional act committed against appellee or his property. In other words, it was not an affirmative wrong, but an omission of duty. This distinction runs through all the cases that have come under our notice where the question of allowing exemplary damages has come up in cases involving the injury or destruction of personal property. We do not mean to hold that exemplary damages are confined to injuries to the person, because they may be awarded in trespass or where there is injury to personal property, if it is attended by affirmative acts of aggravation or is the result of wilful or reckless or malicious conduct. Major v. Pulliam, 3 Dana, 582; Jennings v. Maddox, 8 B. Mon. 430; Andrews v. Singer Mfg. Co., 48 S. W. 976, 20 Ky. Law Rep. 1089; Bowler v. Lane, 3 Metc. 311; Slater v. Sherman, 5 Bush, 206.

Appellant also contends that he was entitled to prove the loss he sustained in being deprived of the use of the horse that was injured from the time of the injury until his recovery; and to an instruction allowing the jury to award damages of this character. In

support of this contention we are cited to Sedgwick on Damages, section 195, and Joyce on Damages, section 1040. There are cases in which it would be proper to allow the plaintiff to recover the value of the use of the property of which he was deprived by negligence or wrongful act; but, if a party desires to recover for the value of the loss of the use, it should be specially pleaded. This element of damage cannot be recovered under a general allegation of negligence as in the case before us. And, where damages are sought for the injury done the property, as well as damages for the deprivation of its use, interest is not allowable, as the recovery for the use takes the place of interest. In other words, a party may sue for the injury done personal property, and the jury may in their discretion allow him interest on the sum found, and should be so instructed, or he may sue for damages occasioned by the injury and also for the loss of the use, but he cannot recover interest as well as damages for the loss of the use

As before stated, the railroad track over which the trains of the Louisville & Nashville Railroad run are owned by the Covington & Cincinnati Elevated Railroad Company, which corporation employs the gate watchman. The point is made whether or not the Louisville & Nashville Railroad Company is chargeable with the negligence of the watchman in failing to close the gates on the approach of one of its trains. We do not regard it material who employed or paid the gate watchman, or who owned the railroad tracks. If a gate was necessary for the protection of the traveling public at the crossing where this injury occurred, then it was the duty of every railroad company using the track to protect the public from injury by its trains; and each company, and the owner of the

track, is jointly and severally liable to to the public for injuries committed by its trains due to a failure to perform this duty. The duty of protecting a crossing like this cannot be delegated to one of the companies using the track, or to the owner of the track, so as to absolve the company whose trains commit the injury from liability to the person injured. C. & O. R. Co. v. Osborne, 97 Ky. 112, 16 Ky. Law Rep. 815, 30 S. W. 21, 53 Am. St. Rep. 407; L., H. & St. L. R. Co. v. Kessee, 103 S. W. 261, 31 Ky. Law Rep. 617; L., H. & St. L. R. Co. v. Illinois Central R. Co., 93 S. W. 4, 29.Ky. Law Rep. 265. We may also add that when gates are maintained at a crossing, and are closed when trains are approaching and kept open for traffic when they are not, the fact that they are up and open is an invitation to the public to cross; and persons desiring to cross have a right to assume that they can do so without danger of being struck by an approaching train, although this rule does not relieve the person desiring to cross from exercising ordinary care for his own safety or from giving attention to other notice of warning of the approach of trains. In L. & N. R. Co. v. Sights, 121 Ky. 203, 89 S. W. 132, 28 Ky. L. R. 186, in considering a similar question, this court approved the following instruction, that presents the duty owing by the traveller: "The court further instructs you that, if you believe from the evidence that the flagman so stationed at said crossing at the time plaintiff approached the same was not in his customary place of duty, then the plaintiff had a right to presume, in the absence of reasonable and timely warning to the contrary, that he would not be exposed to danger from approaching trains in driving near or crossing said track." Although the court erred in refusing to permit a reply to be filed, and in declining

to instruct the jury to award interest in their discretion, in other respects the appellant had a fair trial. He recovered substantially all that he was entitled to against either or both of the appellees, and it cannot be doubted that the judgment against the appellee Louisville & Nashville Railroad Company is collectible. It is true the jury might have allowed appellant interest on the recovery, but whether they would or not is uncertain. The matter of interest that appellant might have recovered is too small and the probability of its recovery too indefinite to authorize us to reverse the case alone for this error.

Wherefore the judgment is affirmed.