KENTUCKY UTILITIES COMPANY and Davis H. Elliott Co., Inc., Appellants,

v.

Victor L. JENNINGS and A. L. Jennings, Appellees.

Court of Appeals of Kentucky.

April 8, 1977.

James C. Ludwig, Curtis & Rowes, Louisville, for appellants.

Richard M. Compton, Georgetown, for appellees.

Before COOPER, HOWARD and WHITE, JJ.

COOPER, Judge.

The Appellees, Victor L. Jennings and A. L. Jennings, on April 12, 1971, granted to the Kentucky Utilities Company a written transmission line easement which empowered the grantee to construct, maintain and continue in use an electric power transmission line across the Jennings' land. Further, said lease granted the Kentucky Utilities Company the unrestricted right of ingress and egress over the Jennings' land for exercise of the granted easement rights. It was stipulated that whenever practicable the Kentucky Utilities Company would use the established highways or farm roads when in the process of exercising its right of ingress or egress over the Jennings' land. It was specifically provided that Kentucky Utilities Company would pay the Jennings for all damage caused in going upon the land, subject to a limitation for removal of trees in conformity with specific provisions contained in the easement. The construction work on electric power lines across the Jennings' property was done by Davis H. Elliott. The work started in October 1971, and ended in February or March, 1972. It entailed the construction of six (6) or eight (8) wooden pole structures and one (1) steel tower.

In the construction of the transmission line the Appellants damaged a water gap on the Appellee's farm and caused damage to their fences which allowed some Charolais heifers to be bred to their father. In addition to general damages, Appellees asked for punitive damages for the willful misconduct of the Defendant-Appellants. The jury granted damages for injury to the water gap and for loss of the use of the fences on Appellee's farm, as well as punitive damages. On a Counterclaim the jury allowed damages to the Appellant for expenses incurred due to the delays of the work caused by the Appellees.

The Appellants contend that the complaint was insufficient to submit the question of punitive damages to the jury. It is the holding of this Court that the complaint was sufficient. The case of *Schulte v. Louisville & Nashville Railroad Co.*, 128 Ky. 627, 108 S.W. 941 (1908), holds that "exemplary damages may be awarded in trespass or where there is injury to personal property, if it is attended by affirmative acts of aggravation or is the result of willful or reckless or malicious conduct". The allegation in the complaint of the Plaintiff stated that the conduct of the Defendant was willful and further asked that punitive damages be granted. We hold that the term "willful" used in pleading gives the opposing party fair notice of Plaintiff's intentions as to punitive damages. In this case, the Defendant was further apprised of the Appellee-Plaintiff's allegation and intent by the Plaintiff's request for punitive damages in the complaint.

Both parties rely on *United States Bond and Mortgage Corporation v. Berry*, 249 Ky. 610, 61 S.W.2d 293 (1933), in sup-

port of their positions as to what are or are not general damages. We hold, as stated in that case, that "general damages [are those which] may fairly and reasonably be considered as arising naturally—that is according to the usual course of things  .  .  . or such as may reasonably be supposed to have been in the contemplation of the parties". This statement fairly and accurately states the Kentucky law on the question of what are general damages. The Appellants contend that the parties, at the time the easement was granted, did not contemplate that should the fences of the grantor be destroyed the grantor would suffer any kind of injury to his farming operation; and that losses to the farming operation would not arise naturally from the damaged fences. This argument has no merit. Fences are indispensable to a modern farming operation and should they be damaged or destroyed, the owner will certainly suffer injury to his farming enterprise. Further, we hold that the losses sustained by a farming operation, because pastures and fields are less usable, can arise naturally from the damage inflicted on the fences used in that operation.

We affirm.

All concur.