HENRY G. EMMONS *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

February 14, 1888.

**Railway Company—Failure to Fence—Damage to Adjoining Land.—**
For the neglect of a railroad company to fence its track as required by
statute, the land-owner over whose farm the same is laid may recover as
damages diminution of the rental value of the farm caused thereby. Such
damages are not necessarily limited to what it would cost to build a fence.

After the decision of the former appeal in this action, which is re-
ported in 35 Minn. 503, the action was again tried, before *Farmer,*
J., and a jury, in the district court for Freeborn county. Upon the
trial, evidence having been given in support of the allegations of the
complaint, it was agreed that the cost of building and maintaining
the railroad fence along plaintiff's farm would have been $125. The
court thereupon ruled that the measure of damages was the difference
between the rental value of the farm with the railroad lawfully fenced
and the rental value with the railroad unfenced, but that the dam-
ages could not, in any event, exceed the cost of building and main-
taining the fence. Plaintiff excepted to that part of the ruling which
limited the damages to the cost of fencing, and defendant excepted to
that part of the ruling which fixed the difference in rental value as
the measure of damages. Plaintiff offered evidence to prove a dif-
ference in rental value greater than $125, and to prove actual dam-
age sustained in protecting crops and preventing his stock from get-
ting upon the railroad track, which evidence was objected to and ex-
cluded. Plaintiff had a verdict for $125. Both parties appeal from
an order refusing a new trial.

*Lovely & Morgan,* for plaintiff.

The true measure of damages is the difference in rental value.
*Brakken* v. *Minn. & St. Louis Ry. Co.,* 29 Minn. 41; *Varner* v. *St.
Louis & Cedar Rapids Ry. Co.,* 55 Iowa, 677, (8 N. W. Rep. 634;)
*Smith* v. *Chicago, etc., Ry. Co.,* 38 Iowa, 518; *Winne* v. *Kelley,* 34
Iowa, 339; *Donald* v. *St. Louis, etc., Ry. Co.,* 44 Iowa, 157; *St. Louis
& S. F. Ry. Co.* v. *Sharp,* 27 Kan. 134, (13 Am. & Eng. R. R. Cas.

595;) *St. Louis Ry. Co.* v. *Ritz*, 33 Kan. 404, (6 Pac. Rep. 533; 19 Am. & Eng. R. R. Cas. 611;) *Chicago, R. I. & P. Ry. Co.* v. *Clare*, 79 Mo. 39, (19 Am. & Eng. R. R. Cas. 621, 622, note;) *Hull* v. *Chicago, B. & P. R. Co.*, 65 Iowa, 713, (22 N. W. Rep. 940;) 3 Suth. Damages, 369.

*B. S. Lewis*, for defendant.

The damages must not exceed the cost of fencing. The plaintiff could have built and maintained the fence. The law imposes on a party injured the active duty of making reasonable exertions to render the injury as light as possible. *Keyes* v. *W. V. T. Slate Co.*, 34 Vt. 81; *Hamilton* v. *McPherson*, 28 N. Y. 72; *Rexter* v. *Starin*, 73 N. Y. 601; *Dorwin* v. *Potter*, 5 Denio, 306; *Loker* v. *Damon*, 17 Pick. 284; *Karst* v. *St. Paul, S. & T. F. R. Co.*, 23 Minn. 401; 1 Suth. Damages, 148.

DICKINSON, J. In 1879, the defendant acquired from the plaintiff, by purchase, the right of way for its railroad across the plaintiff's farm, and has ever since operated its railroad over the same. During this period the farm has been fenced, except along the railroad, where no fence has been built. In this action the plaintiff, who has been in the occupation of his farm, cultivating the same and raising stock, seeks to recover damages for the neglect of the defendant to construct fences, as by statute it was required to do. Upon a former appeal in this action, involving the sufficiency of the complaint, we had occasion to consider whether for such a cause the plaintiff could recover, the injury alleged in the complaint being a diminution of the value of the use of the farm, the deprivation of its use, and the expenditure of time and money in watching stock to protect it from injury. It was then decided (*Emmons* v. *Minn. & St. Louis Ry. Co.*, 35 Minn. 503, 29 N. W. Rep. 202,) that damages were recoverable, and that the liability of the defendant was not limited to making compensation for animals killed or injured by reason of such neglect. The measure of damages recoverable was not determined. Many of the points urged in behalf of the railway company upon this appeal were necessarily involved in the former case, and were determined by that decision. We do not, therefore, refer to them particularly. The question is now presented whether the diminution of the rental value

of the farm from this cause is a proper measure of damages; and further, whether such damages must be limited to what would be the cost of constructing a fence. The court below ruled that this was a proper measure of damages, but that the recovery should be thus limited. Both parties appealed.

We consider that this measure of damages—not now referring to the limitation—was proper. This is a logical conclusion from the former decision, in view of the reasoning upon which it was based. See, also, *Brakken* v. *Minn. & St. Louis Ry. Co.*, 29 Minn. 41, (11 N. W. Rep. 124.) It is true that if the occupant's stock were killed because of the defendant's neglect to construct a fence, he might recover their value; but it cannot be said that this rule subjects the company to double damages for the same cause of action. The fact that the company is liable for stock killed, will, of course, enter into and affect the rental value. That value will not be as much depreciated by the unfenced condition of the farm as it would be if there were no such liability. But it cannot be laid down as a legal proposition that the recovery must be limited to what it would cost to construct a fence. The principle that one should not neglect to take reasonable precautions to lessen or avert the injurious consequences to which the culpable act of another may have exposed him cannot be applied so as to make it the duty of the land-owner to himself construct the fence. The statute absolutely imposes that duty upon the railroad company, and declares its responsibility in case of neglect. This being so, it is inconsistent to say that upon default of the company it becomes in any sense the duty of the land-owner towards the company to construct a fence in its stead. But, again, *when* can it be said that the land-owner ought to construct the fence? Is he to assume that the railroad company will *continually* neglect to do what the statute continually requires it to do? and so must he construct the fence at once? So long, at least, as he is justified in waiting for the company to do its duty, he may suffer damage from being prevented from using his land, or in the loss of its rental value; and, if he were *then* to build a fence, this loss would be a proper subject of recovery, *in addition* to the proper cost of the fence. But for the reason first stated, we think the ruling of the court was unsustainable. We are not referring to a mere de-

fect arising from inadvertence or want of knowledge, but of a case where the company wilfully neglects to heed the command of the law.

For the reasons thus indicated, the order refusing a new trial is reversed.