OLE NELSON *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

June 27, 1889.

**Railway—Failure to Fence—Liability to Adjoining Owner.**—A railway company is liable for damages to an abutting farm, rendering its use less valuable, caused by a failure to fence its road. Following *Emmons* v. *Minn. & St. Louis Ry. Co.*, 35 Minn. 503.

**Same—Measure of Damages—Rental Value of Farm—Evidence.**— The measure of damages in such a case is the depreciation in the rental value of the farm, which means the value of its use for any purpose for which it is adapted in the hands of a prudent and discreet farmer upon a judicious system of husbandry; and evidence of any fact tending to show how and to what extent the absence of a railway fence injuriously affected the value of such use is competent.

Plaintiff brought this action in the district court for Freeborn county, to recover damages for defendant's failure to fence its railway where it crosses his land. At the trial before *Farmer*, J., plaintiff had a verdict of $700. The defendant appeals from the judgment.

*B. S. Lewis* and *J. D. Springer*, for appellant.

*Lovely, Morgan & Morgan* and *Walter J. Trask*, for respondent.

MITCHELL, J.[1]   1. This action is similar to that of *Emmons* v. *Minn. & St. Louis Ry. Co.*, 35 Minn. 503, (29 N. W. Rep. 202,) in which we held that, under Gen. St. 1878, c. 34, § 57, a railway company is liable for damages to an abutting farm, rendering its use less valuable, caused by a failure to fence its road. Counsel for the defendant asks us to reconsider the question, and overrule that case. After a careful consideration of his argument our views remain unchanged.

We do not purpose to re-enter upon a discussion of the question further than to say that we think the fallacy of counsel's argument consists in assuming that, because the statute requiring railways to fence their roads is a police regulation, the object of which is to pre-

---

[1] Collins, J., was absent, and took no part in this case.

vent animals from getting upon the track, and the consequent danger to the animals themselves and to railway passengers and employes, therefore it is in excess of the police power of the state to impose any liabilities for non-compliance with the law other than for resultant injuries to animals and railway passengers and employes. The police legislation of the country abounds in the imposition of penalties and liabilities, beyond such resultant injuries, as a means of enforcing strict compliance with the statute; and we know of no means more likely to insure prompt obedience to the requirements of this "fence law" than the provisions of section 57, as construed in the Emmons Case.

2. The assignments of error in the admission of evidence and in the charge of the court all go to the question of the proper measure of damages in such a case, and how these damages may be proved. In Emmons v. Minn. & St. Louis Ry. Co., 38 Minn. 215, (36 N. W. Rep. 340,) it was held that the measure of damages is the injury to the rental value of the farm. The term "rental value" is but another form of saying the "value of the use," and means simply the value of the use of the land for any purpose for which it is adapted in the hands of a prudent and discreet occupant upon a judicious system of husbandry. A man is not bound to rent his farm for a cash rent, or to show that he could have done so, in order to recover for injuries to its use. What the law aims at is compensation; and the matter of ascertaining the rental value, or how much it has been depreciated, is a practical question, to be treated in a practical way, and to the consideration of which it is necessary to bring a little of the farmer as well as the lawyer. It can be stated generally that evidence of any fact which would have tended to show how and to what extent the absence of a railroad fence injuriously affected the value of the use of the farm would have been competent. The case was rather loosely tried, and some parts of the charge of the court, when taken by themselves, seem unguardedly expressed; but as to whether, in the admission of evidence as to the depreciation of rental value, the trial court exceeded the limits of the rule above suggested, and as to whether, taking the charge as a whole and as applied to the evidence, it contained any prejudicial error in laying down the meas-

ure of damages, the judges who heard the argument are equally divided. Therefore the judgment appealed from must be affirmed.

NOTE. On August 5, 1889, this cause was removed to the supreme court of the United States by writ of error allowed by the chief justice of this court.