(85 South. 580)

## MORGAN v. EMBRY. (7 Div. 546.)

(Court of Appeals of Alabama. Dec. 16, 1919.)

1. APPEAL AND ERROR ⊸680(2)—OVERRULING NOT CONSIDERED IN ABSENCE OF DEMURRERS IN TRANSCRIPT.

Action of court in overruling demurrers to complaint will not be considered, where the demurrers do not appear in the transcript.

2. TRIAL ⊸251(2)—INSTRUCTION BASED ON FACT NOT WITHIN ISSUES HELD PROPERLY REFUSED.

In mortgagor's action against mortgagee for penalty for nonentry of partial payments and of total balance unpaid on the margin of the mortgage record, refusal of requested charge directing verdict for mortgagee if the mortgagor did not give notice to enter on the margin the "total amount paid" held proper; the question of such entry not being embraced within the issues.

3. APPEAL AND ERROR ⊸907(4)—EVIDENCE TO SUPPORT TRIAL COURT'S ACTION PRESUMED WHERE ALL EVIDENCE NOT PRESENTED.

Where bill of exceptions does not purport to contain all the evidence, appellate court will presume any state of the evidence to support the trial court's action.

5. APPEAL AND ERROR ⊸928(4) — REFUSED CHARGES PRESUMED COVERED BY ORAL CHARGE.

Where the transcript does not contain the court's oral charge, appellate court will presume that the charges refused by the court, if proper in themselves, were refused because the same rule of law had been substantially and fairly given to the jury in such oral charge.

5. JUDGMENT ⊸18(4)—REFERRED TO VALID COUNT IN COMPLAINT, WHERE VERDICT GENERAL.

Where a complaint contains a good count and a bad count, and the verdict is general not specifying upon which count it is based, the judgment will be referred to the valid count.

Appeal from Circuit Court, Talladega County; Hugh D. Merrill, Judge.

Action by Eddie Embry against George H. Morgan for penalty for failure to enter partial payment on the margin of the record of a mortgage. Judgment for the plaintiff, and the defendant appeals. Affirmed.

The original count was demurred to and was amended, and it does not appear that the demurrers were refiled thereto. The action was to recover the penalty for failure to enter partial payment on the margin of the record of two mortgages. Plea 2 set up two judgments in favor of the defendant here against the plaintiff here as a set-off, and claims judgment for the excess. Plea 3 sets up that before the commencement, and before the time plaintiff alleges, he served the defendant with notice to enter the total amount of payments of the mortgage executed to defendant by the plaintiff. A suit was instituted by defendant against plaintiff on said mortgage in the city court of Talladega, and plaintiff joined issue on said suit on the 7th day of June, 1915, and a judgment was rendered on said date on said mortgage in the sum of $370, which judgment was recorded in the office of the judge of probate of Talladega county, that said mortgage indebtedness was reduced to judgment, and plaintiff had notice of the total sum due thereon. The replication filed with these pleas was as follows:

(1) Denies the matters set up in said pleas.

(2) Says that the judgments mentioned in said pleas and pleaded as an offset of plaintiff's demand were rendered in two causes of action in which the defendant here sued plaintiff here in detinue for certain specific property, which property was recovered by defendant here, and the same was turned over to and delivered to the defendant, and the said judgments were

───────────────

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for the alternate value of the property sued for in said suits, and the same has been paid and satisfied by delivery of the property, and the defendant in this suit has given the plaintiff credit for same on the mortgage executed by the plaintiff to defendant, on which said detinue suits were founded. The plaintiff further says that such judgments have been satisfied and paid in full.

The demurrers to these pleas were as follows:

(1) No answer to the pleas.

(2) Is not directed separately and severally to said pleas.

(3) Presents an immaterial issue.

(4) The matters and things therein averred are conclusions of the pleader.

(5) Construing the pleadings most strongly against the pleader, the matters set up therein are no defense or reply to said plea.

The following in charge 3, refused to the defendant:

If you are reasonably satisfied from the evidence that the plaintiff did not sign or authorize anybody to sign his name to the notice to enter on the margin of the record of the mortgage the total amount paid on said mortgage, you must find for the defendant.

Charge B is the same as charge 3, except that it omits the words "total amount."

Knox, Acker, Dixon & Sims, of Talladega, for appellant.

The sole right to recover is based upon the amendment to section 4897, Code 1907, endeavored to be wrought by Acts 1915, p. 356. This act is clearly illegal, as violative of section 45 of the Constitution. 187 Ala. 411, 65 South. 942; 109 Ala. 28, 19 South. 857; 92 Ala. 100, 9 South. 225; 75 Ala. 533. The court erred in refusing charge 3. 128 Ala. 407, 29 South. 446; 121 Ala. 465, 25 South. 844.

Graves Embry and W. B. Harrison, both of Talladega,. for appellee.

The demurrer did not reach any defects in the replication. 162 Ala. 665, 50 South. 300; 161 Ala. 259, 49 South. 895, 23 L. R. A. (N. S.) 996, 18 Ann. Cas. 636; 125 Ala. 369, 28 South. 70. The amendatory acs was not unconstitutional. 187 Ala. 411, 65 South. 942; 200 Ala. 475, 76 South. 417. The judgment will be referred to the valid count. 4 Ala. App. 612, 58 South. 959. Charge 3 was properly refused.

MERRITT, J. [1] This court cannot say that the trial court improperly overruled the demurrers to the amended complaint for the reason that the demurrers nowhere appear in the transcript.

Replication No. 2 was subject to demurrer, but it was not subject to the demurrer interposed to it. The demurrers are general, and neither point out any defect in the replication.

[2-4] The complaint contained two counts one for nonentry of partial payments, and the other for nonentry of total balance unpaid on the margin of the mortgage record. Refused charge No. 3 was inapt, in that it predicated a verdict for the defendant if the plaintiff did not sign or authorize to be signed a notice to "enter upon the margin of the mortgage record the total amount paid on said mortgage." This fact was not embraced within the issues of the case, and what is said in regard to the refusal to give charge 3 may also be said of .the refusal to give charge B. The bill of exceptions does not purport to contain all of the evidence, and this court will presume any state of the evidence to support the trial court's action. 1 Enc. Digest Ala. Reports, 506, and authorities there cited. Moreover, the transcript does not contain the court's oral charge to the jury, and the statute expressly provides that the refusal to charge a correct statement of the law "shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge," and this court, in the absence of such oral charge, will indulge the presumption that the charges, if proper in themselves, were refused because the same rule of law had been "substantially and fairly" given to the jury in such oral charge. Southern Express Co. v. Malone, 16 Ala. App. 414, 78 South. 408; Lasby v. State, 16 Ala. App. 479, 79 South. 153.

The affirmative charge as asked for should not have been given. It was improper in form. A. G. S. R. R. v. Bonner (Sup.) 39 South. 619; Kress v. Lawrence, 158 Ala. 652, 47 South. 574. And then the bill of exceptions did not purport to contain all the evidence.

[5] The jury returned a verdict as follows: "We, the jury, find a verdict in favor of the plaintiff on one count (of $200)." Appellant insists that the verdict and judgment was predicated upon count 2, rather than count 1 of the complaint, and that count 2 is predicated on an invalid act. Whether the act amendatory of the Code, upon which count 2 is predicated, is invalid, is unnecessary to decide, for where a complaint contains a good count and a bad count, and the verdict is general without specifying upon which count it is based, the judgment will be referred to the valid count. Turnipseed v. Burton, 4 Ala. App. 612, 58 South. 959.

This disposes of all assignments of error insisted upon by appellant, and it follows that the case must be affirmed.

Affirmed.