AMBERG v. CLAUSSEN et al.

*98 P. 2d 927.*

No. 29025.   Jan. 30, 1940.

W. K. Garnett and Chas. H. Garnett, both of Oklahoma City, for plaintiff in error.

A. C. Hough, Twyford & Smith, and William J. Crowe, all of Oklahoma City, for defendants in error.

RILEY, J. This case presents a controversy concerning the liability of defendant Claussen and his two sureties on a supersedeas bond given to stay the execution of a judgment of the district court of Oklahoma county for the possession of certain real estate.

In 1924, A. B. Claussen obtained a tax deed and later a correction tax deed for 40 acres of land theretofore owned by H. Amberg, hereinafter referred to as plaintiff. Litigation arose between plaintiff and Claussen concerning the validity of said tax deeds. A series of moves resulted in two appeals by Claussen to this court. Claussen v. Amberg, 119 Okla. 187, 249 P. 330, and Claussen v. Amberg, 136 Okla. 106, 276 P. 233. After decision by this court in the latter appeal, Claussen being in possession under his tax deed, trial was had in the district court resulting in a judgment in favor of plaintiff, Amberg, for possession of the land, but awarding a money judgment in favor of Claussen, under the Occupying Claimant's Act, in the sum of $1,000, for permanent improvements placed upon the land by Claussen and $254.61 taxes paid with interest thereon, amounting in all to $1,254.61. This judgment was dated March 6, 1930. Plaintiff did not appeal from the money judgment. Claussen appealed from that part of the judgment which c a n c e l e d the tax deeds and awarded possession to plaintiff, Amberg.

In order to stay execution on said judgment, Claussen, as principal, with defendants in error herein H. C. Guthrie and G. R. Pulley, as sureties, executed and filed a supersedeas bond in the sum of $1,000, conditioned as follows:

"The condition of the foregoing obligation is such that, whereas, on the 27th day of March, 1930, judgment was rendered in favor of said obligee, plaintiff in said cause, and against A. B. Claussen, the principal obligor, defendant in said cause, requiring him to deliver up possession of the property described in plaintiff's petition.

"And, whereas, said defendant has

taken an appeal from said judgment to the Supreme Court of Oklahoma.

"Now, therefore, if the said principal obligor herein shall pay the rents and profits collected from, or rental value of said premises accruing during the pendency of this action and until the final determination thereof, then this obligation shall be void; otherwise to remain in full force and effect."

On appeal to this court said judgment was affirmed. Claussen et al. v. Amberg, 172 Okla. 197, 44 P. 2d 92.

Thereafter, on June 6, 1936, plaintiff commenced this action for recovery on said supersedeas bond. In addition to certain rents alleged to have been collected by defendant Claussen from tenants on the premises which are not in dispute here, plaintiff claimed for $1,000 paid to Claussen April 18, 1930, by the Carter Oil Company for an oil and gas lease covering said land, and $80 delay rental paid on said lease, all while defendant Claussen was in possession of said premises under said supersedeas bond.

Trial was had to the court without a jury, resulting in a judgment denying plaintiff's claim as to the $1,080 paid by Carter Oil Company to defendant Claussen, and allowing plaintiff for the other items collected by Claussen from tenants on the premises, amounting in all, with accumulated interest, to $1,168.62; adjudging Claussen to be the then owner of a three-fourths interest in the $1,254.61 money judgment awarded him for improvements on the land, etc., which judgment, with interest, then amounted to $1,888.19; adjudging Twyford and Smith to be the owners of an undivided one-fourth interest in said j u d g m e n t, amounting with interest to that date to $472.05; allowing plaintiff an offset of his judgment of $1,168.62 against defendants' three-fourths interest in the former money judgment, leaving due Claussen the sum of $247.52, but allowing plaintiff a further offset in the sum of $63.62, being the costs awarded against Claussen in the former action, adjudging an amount then due Claussen in the sum of $183.90. The trial court awarded judgment against plaintiff and in favor of Twyford and Smith in said sum of $472.05, and declaring this judgment, as well as the net balances found due defendant Claussen, to be a lien on the land involved. Judgment was for defendants Guthrie and Pulley. From this judgment, plaintiff appeals.

The principal assignment of alleged error is that the court erred in not holding that plaintiff was entitled to recover from Claussen the $1,000 bonus paid for the oil and gas lease. Another question presented is alleged error in rendering judgment in favor of Twyford & Smith against plaintiff. There is no controversy concerning the facts. Defendant Claussen admits that the Carter Oil Company paid him the sum of $1,000 for the execution of the oil and gas lease on the land while he was in possession and after the execution of the supersedeas bond, and admitted that the company paid him delay rental in at least the sum of $40, and possibly another payment of a like sum. No well was ever drilled upon the land, and the oil and gas lease was surrendered and canceled within three years after its execution.

The principal question is whether Claussen is liable for the bonus paid.

It developed at the trial that at the time Claussen executed the oil and gas lease, plaintiff had already executed an oil and gas lease covering the same land to M. E. Stinson and Charles H. Garnett. Charles H. Garnett was one of the attorneys representing Amberg. This oil and gas lease was assigned by Stinson and Garnett to the Carter Oil Company on the — day of April, 1930. The assignment was filed for record April 23, 1930, five days after the alleged date of the payment of the $1,000 bonus to defendant Claussen by the Carter Oil Company. Garnett testified in substance that he and Stinson took the lease from plaintiff in payment, or part payment, for attorneys' fees and services rendered, and sold it to the Carter Oil Company for $3,000, which they credited Amberg on attorneys' fee.

It may be noted that the supersedeas

bond was not conditioned exactly within the terms of the statute. Section 794, C. O. S. 1921, title 12, sec. 968, Okla. Stat. Anno., provides for a bond by appellant to stay execution on appeal to the Supreme Court, and when the judgment:

"* * * directs the sale or delivery of possession of real property, the undertaking shall be in such sum as may be prescribed by the court or the judge thereof, to the effect that during the possession of such property by the plaintiff in error, he will not commit, or suffer to be committed, any waste thereon, and if the judgment be affirmed, he will pay the value of the use and occupation of the property, from the date of the undertaking until the delivery of the possession, pursuant to the judgment, and all costs."

The bond given by defendant Claussen says nothing about waste. Its condition is as quoted above.

Claussen promised, therefore, to pay the rents and profits collected from, or rental value of said premises.

Plaintiff apparently takes the view that the proper measure of recovery is the "rents and profits collected from" the land.

Defendant contends that the true measure of recovery is the value of the use of the property for the time of the occupation under the bond, and cites section 9984, O. S. 1931, which defines the detriment caused by the wrongful occupation of real property in cases not embraced within sections 9985, 9991, 9992, and 9993, as the value of the use of the property for the time of such occupation not exceeding six years next preceding the commencement of the action. But said section is not applicable here. Defendant, in a strict sense, was not, after the filing of said bond, wrongfully occupying the land. He had a right to occupy and continue in possession, not because he was the owner or had the lawful right to occupy the land before giving the bond, but because the law gave him that right. By this bond, in the nature of a contract, he acquired the right, by reason of the promise of defendants, in the bond, to pay for the privilege, in case the judg-ment against him for possession should be affirmed.

Section 794, supra, provides that the bond shall be conditioned that "he will pay the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession pursuant to the judgment, and all costs."

The bond given did not so provide. Costs were not mentioned. What defendants did agree to pay was "the rents and profits collected from, or rental value, of said premises accruing. * * *"

While the "rental value" may be said to be substantially the same in meaning as the value of the use and occupancy, insertion in the bond of agreement to pay rents and profits collected from said premises must be taken into consideration in determining the measure of recovery on the bond.

The bond means that defendants agreed to pay rents and profits or rental value; one or the other, or that the term "rents and profits collected" or "rental value" are to be taken as meaning the same thing. That is, that the rents and profits collected from the land are to be taken as the rental value.

We are inclined to the view that the bond is to be construed as meaning that defendants agreed to pay either the rents and profits actually collected or the rental value, one or the other. This, then, would leave it optional to either plaintiff or defendants to choose which measure would apply. It is manifest that it would not be proper to allow defendants the choice, since it would then be possible for a party in possession under the supersedeas to rent the premises for much less than the value of the use and occupancy, and then say to the obligee when liability has accrued on the bond, "We agree to pay the rents and profits actually collected or the rental value at our option. The rents and profits actually collected being much less than the rental value, we choose to pay only that actually collected." Or, in another case, by reason of exceptional condition, to rent the property for more than the

ordinary value of the use and occupancy and then say to the obligee, "I choose to pay only the ordinary rental value, and retain the excess rents and profits actually collected." The choice should be left to the obligee.

The general rule is that a bonus paid for the execution of an oil and gas lease is rents and profits from the land covered by the lease. Work, Sec., v. United States ex rel. Mosier, 261 U. S. 352, 67 L. Ed. 693, 43 S. Ct. 389; Wright v. Carter Oil Co., 97 Okla. 46, 223 P. 835; Thornton's Law of Oil and Gas, p. 688, sec. 253.

It developed at the trial that plaintiff had himself executed an oil and gas lease covering the same land to M. E. Stinson and Chas. H. Garnett, and that said lease was assigned to the Carter Oil Company about the same time the oil and gas lease was executed by defendant Claussen, and that Carter Oil Company had paid Stinson and Garnett $3,000 for the assignment. Garnett was one of the attorneys for plaintiff, and testified that the $3,000 paid by Carter Oil Company for the assignment was credited to plaintiff on account of attorneys' fees and services rendered, so that plaintiff in reality received the benefits of the oil and gas lease executed by him.

It is in substance contended by defendants that plaintiff had received value for the oil and gas lease rights and could not claim the additional $1,000 received by Claussen.

But there was one valuable right which plaintiff could not give to his oil and gas lessees, and his lessees could not in turn give to Carter Oil Company. That was the right and privilege of going upon the land and prospecting for oil and gas. Claussen was in possession under the supersedeas bond and he alone could at that time grant the possession. This valuable right, together with the undetermined claim of title by Claussen, enabled him to collect the bonus. The power to put the lessee in possession was a material element of the consideration for the execution of the lease. Claim of title was the other element. Except for the supersedeas bond plaintiff could have

put his lessees, or their assignee, in possession, and the Carter Oil Company could then have drilled for oil and gas and held in abeyance payment of royalty, had oil or gas been produced, until the question of title was finally settled.

Possession was, therefore, the most important element of the consideration paid to Claussen by the Carter Oil Company for the execution of the lease.

We, therefore, hold that the $1,000 so paid was rents and profits collected from said premises, and that defendant Claussen was liable therefor, together with the other rents and profits collected, and that defendants Guthrie and Pulley were liable for both up to the principal amount of the bond, viz., $1,000.

It was, therefore, error to deny plaintiff recovery on account of the bonus collected. Judgment should have been in favor of plaintiff and against defendant Claussen for the amount he admitted having collected from the tenants and the Carter Oil Company for the execution of the oil and gas lease and delay in drilling. Against this judgment defendants were entitled to offset the full amount, including interest, of the judgment originally entered against plaintiff and in favor of Claussen, less the one-fourth interest therein adjudged to have been assigned to James S. Twyford and Solon W. Smith, less the item of $63.62 costs.

It was error and entirely unnecessary to render judgment anew in this case in favor of Twyford and Smith, since the judgment is expressly admitted by plaintiff to be in force and effect. Twyford and Smith were already the owners of that interest in the original judgment and are entitled to enforce same without regard to the judgment in this case.

That part of the judgment in this case declaring James S. Twyford and Solon W. Smith to be the owners of an undivided one-fourth interest in the original judgment in favor of defendant Claussen is affirmed.

The judgment insofar as it denies plaintiff recovery for and on account of the money collected by defendant Claussen from the Carter Oil Company is re-

versed and the cause is remanded to the trial court, with directions to enter judgment in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. OSBORN, J., absent.