106 So.2d 658

**WHITE ROOFING COMPANY**

v.

**Joe WHEELER.**

**4 Div. 323.**

Court of Appeals of Alabama.
June 18, 1957.
Rehearing Denied Dec. 3, 1957.

Alice L. Anderson, Enterprise, for appellee.

C. L. Rowe, Elba, for appellant.

**664**

HARWOOD, Presiding Judge.

In the proceedings below the plaintiff filed a one count complaint seeking damages because of defendant's failure to perform a contract to repair, or renovate, a house belonging to the plaintiff.

The defendant filed a plea in abatement setting up that it was a partnership, and that all partners were residents of Montgomery County; that its place of business was in Montgomery; and that it did not have a place of business, nor an agent in Coffee County, Alabama.

The plaintiff demurred to the plea in abatement on the ground that the complaint showed on its face that it was in tort.

Thereafter the plaintiff amended his complaint by filing counts 2 and 3.

After such amendment the defendant refiled its plea in abatement, and the plaintiff refiled his demurrers.

The court, at this stage, entered a judgment sustaining the demurrers to the plea in abatement as amended, and the defendant thereupon filed pleas of the general issue, in short by consent, etc., to each count.

The defendant also filed a second plea in abatement alleging the pendency of another suit in Montgomery County involving the same transaction.

On the day of trial the plaintiff amended his complaint by filing four additional counts, setting up fraud and wantonness. Thereafter there was considerably more pleading, including the refiling of demurrers by the defendant to counts 1 through 8, respectively.

Thereupon the plaintiff moved to strike plaintiff's demurrers as to counts 1, 2, and 3, on the ground that the defendant had, prior to the last amendment of four counts, joined issue on counts 1, 2, and 3.

The court granted this motion to strike in so far as it was addressed to counts 1, 2, and 3, and sustained the demurrers as to counts 4, 5, 6, 7, and 8.

After hearing the court entered a judgment for the defendant as to count 3, took under advisement counts 1 and 2.

Thereafter the court entered a general judgment in favor of the plaintiff, and fixed his damages at $600.

■ Counsel for plaintiff argues that the court erred in overruling its plea in abatement as to counts 1 and 2, in that these counts are grounded in contract, and the partnership could only be sued in the county of its residence.

Count 1 is a hybrid product, a cross breed of tort and contract, with no pride of ancestry, and no hope of progeny. After much examination we are yet unable to determine its proper category.

However, count 2 is as follows:

"Joe Wheeler, plaintiff, complains of the defendant White Roofing Company as follows: On to-wit July 2, 1952, the plaintiff, Joe Wheeler did employ the defendant to repair a house the property of said plaintiff located at 303 Hildreth St. Enterprise, Alabama. However, instead of repairing the said house the defendants did on or about July 26, 1952, negligently cut the windbreakers of the said house and use them for sheetrock studs in said house thereby damaging the roof of said plaintiffs' house in the amount of Three Hundred Dollars.

"Furthermore, now the roof of plaintiffs house leaks profusely as a result of the swaying of it cause by the negligent removal of the windbreakers by the defendant.

"The said sheetrock was negligently and improperly nailed by defendants and as a proximate result it fell down in the floor of the house; and the doors and windows were improperly and negligently put in the said house by the said defendant, and the rain poured through the said roof, so said house is unlivable, and *plaintiff* cannot rent it. Thereby the plaintiff has lost 21 months rent. Hence the plaintiff claims the amount specified in count one as damages against the said defendant."

The above count we thing clearly sounds in tort.

The defendant contends that the court erred in granting the plaintiff's motion to strike the defendant's demurrers to counts 1 and 2.

As above noted, demurrers to these counts were not filed until after the defendant had pleaded the general issue, and were interposed upon the plaintiff's amending his complaint by adding additional counts.

■ A defendant has a right to demur, though he has not done so before, when the amendment of the complaint is such as to begin the action anew, as where it is substitutionary, Birmingham Bar Ass'n v. Phillips & Marsh, 239 Ala. 650, 196 So. 725; or where the amendment materially changes the theory of the case.

Where, however, the amendment is by the addition of counts, there is no need to permit demurrers to the original unchanged counts on which issue has previously been joined, for the defendant, not having demurred prior to joining issue, has waived his right to later demur. Sturdevant v. Heirs of Murrell, 8 Port. 317; Ware v. Bradford, 2 Ala. 676; Ahrens-Rich Auto Co. v. Beck & Corbitt Iron Co., 212 Ala. 530, 103 So. 556; Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685.

■ Count 2, while being ineptly drawn, is not so defective as to fail to state a cause of action, and being untested by demurrer is sufficient to support the judgment.

■ The judgment being a general one, is referable to the good count if there be evidence to support it, and the judgment will not be reversed because of the court's ruling as to defective counts. Andalusia Motor Co. v. Mullins, 28 Ala.App. 201, 183 So. 456; Morgan v. Embry, 17 Ala. App. 276, 85 So. 580.

This being so, we pretermit consideration of the court's ruling on the plea in abatement as to count 1.

The above principles, we think, compel a negative answer as to appellant's assigned errors numbers 1, 2, 3 and 4.

Under the general assignment (No. 13), that the lower court erred in rendering judgment for the plaintiff, and against the defendant, counsel for appellant argues that the lower court erred in denying its motion to exclude the evidence made at the conclusion of the trial.

■ This case being tried before the court without a jury, assignment 13 is sufficient to raise the sufficiency of the evidence to support the judgment of the court. Morgan Plan Co. v. Accounts Supervision Co., 34 Ala.App. 457, 41 So.2d 424.

The basis of appellant's argument under assignment No. 13 is that it is not alleged in either count 1, nor count 2, that the defendant committed the alleged negligent acts by and through its servants, or that servants or agents of the defendant, acting in the line and scope of their employment, committed the acts, whereas the evidence shows the alleged negligent acts were done by agents or servants of the defendant.

■ This assignment is without merit, since the argument in support of it overlooks the rule that where the complaint charges negligence, as contradistinguished from wantonness, the negligent act may be charged against the defendant master, rath-

er than to the servant acting within the line and scope of his employment. Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A.,N.S., 389; Campbell v. Jackson, 257 Ala. 618, 60 So. 2d 252.

Assignment of error No. 12 pertains to the action of the court in permitting the plaintiff to testify, over defendant's objection, that the reasonable rental value of the damaged house was "$35.00 per month, per side."

Counsel also argues in this connection that the claim for damages for loss of rents, being speculative because the property had never been rented, the court erred in entering judgment for $600 since such amount necessarily included $300 damages for prospective rents.

■ It is true that rents which a plaintiff hopes to obtain from renovating of unoccupied and previously unrented buildings are too remote and speculative to permit their recovery in a suit for damages arising out of failure to complete a contract for repair.

However, the damages claimed in count 2 were the damages specified in count 1. These damages were "damaging the roof of plaintiff's house in the amount of $300,-00," and loss of 21 months rent in the amount of $2,100.

■ Rent is the consideration paid for the use of land. Brooks v. Cook, 141 Ala. 499, 38 So. 641.

■ The terms "rental value," and "value of use" of the premises mean substantially the same thing. Alexander v. Bishop, 59 Iowa 572, 13 N.W. 714; Amberg v. Claussen, 186 Okl. 482, 98 P.2d 927. There is little, if any, difference in the expression "value of the use of land," and "rental value." Straight Bros. Co. v. Chicago, M. and St. P. Ry. Co., 183 Iowa 934, 167 N.W. 705. The term "rental value," as applied to realty, is but another form of saying the value of the use, and means

simply the value of the use of the land. Nelson v. Minneapolis & St. P. Ry., 41 Minn. 131, 42 N.W. 788.

Under the claim for loss of rents it was proper for the plaintiff to show damages for loss of use of the property. This being so, we must determine if there is evidence to support the court's award above the claim of $300 for damage to the roof. If there is such evidence this judgment is due to be affirmed, since being tried before the court without a jury, the court is presumed to eliminate all improper evidence when it makes its judgment upon the entire evidence. Nash v. Nash, 38 Ala.App. 682, 94 So.2d 217.

In the hearing below the plaintiff testified that the house in question was a small one on a homestead he had bought in 1947 for $2,500, and constituted $600 or $700 of value of the homestead. Plaintiff at another point testified that the house was worth $600 or $700 before the repairs by the defendant. In 1949 the plaintiff moved this small house to the rear of his lot, put on a new roof, added two wings, and leveled it as well as he could. He and his father-in-law worked on the house intermittently during several years.

■ At the request of the plaintiff, the court inspected the house. This autoptic profference became a fact in this case. The inspection of the house being made at the plaintiff's request, we pretermit consideration of whether due caution was observed in showing that the premises were in the same condition at the time of the inspection, etc. See Greenberg v. Waterbury, 117 Conn. 67, 167 A. 83.

■ Where an owner is wrongfully deprived of the use of his property temporarily, and there is no basis for proof of loss of rents because the property had not theretofore been rented, interest on the value of the property during the period covered by the suit may be given as a substitute to measure the rental value or value of the use of the property, this for the lack of a better measure. Goodyear

Tire & Rubber Co. v. Gadsden Sand & Gravel Co., 248 Ala. 273, 27 So.2d 578; Southern Ry. Co. v. Coleman, 153 Ala. 266, 44 So. 837; Cincinnati & C. Traction Co. v. American Bridge Co., 6 Cir., 202 F. 184, 120 C.C.A. 398; Schulte v. Louisville & N. R. Co., 128 Ky. 627, 108 S.W. 941.

The contract for the repair and renovation of plaintiff's house was executed on 2 July 1952, and work was begun pursuant thereto three or four days later. Judgment was entered in the ensuing suit on 24 August 1955, more than three years later. The learned trial judge, apparently allowed $300 damages for the rental value, or value of the use of the house, or approximately $100 per year. This would fix the value of the house, during the time covered by the suit, at approximately $1,700. According to the plaintiff the value of the house was between $600 and $700 at the time he acquired it. He, and his father-in-law, through the years worked on the house and made additions thereto.

In light of the trial court's inspection of the premises we are not in position to say that he was without sufficient facts upon which to assess the damages awarded. Bellingrath v. Anderson, 203 Ala. 62, 82 So. 22.

We have written to all of the assignments of error alluded to in appellant's brief. Our conclusion is that the judgment is due to be affirmed.

Affirmed.

### On Rehearing

HARWOOD, Presiding Judge.

In Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371, 372, we wrote:

"In the hurry of perfecting an appeal it is the usual practice of lawyers to assign as error all matters that might be even faintly meritorious. Upon further study while preparing his brief he may conclude that, in his anxiety to fully cover all possible errors in his assignments, he has included some that are untenable. These he is free to abandon simply by not carrying them forward in his brief and argument, for as a corollary to the rule that errors not assigned will not be considered on appeal is the proposition that assignments not specified in the brief are considered as abandoned."

In his application for rehearing counsel for appellant complains of our inadequate statement of facts, and also contends that we erred in our conclusions of law in several instances.

Upon further study we are satisfied as to our conclusions of law as set forth, and adhere to them.

As to the facts set forth, in our opinion, we set forth sufficient facts to afford a fair review of the points raised when read in connection with the errors specified in the brief, and the argument made in relation to such specifications.

While we refer to errors specified in the brief, there actually is no formal specifications of error therein. Counsel for appellant does however, in his argument, refer to certain assignments of error, either in the course of his argument, or at the conclusion thereof. These we have treated as errors specified.

In our opinion we wrote to every assignment of error mentioned in the argument, these being assignments of error 1, 2, 3, 4, 12, and 13.

Assignments of error 1, 2, 3, and 4 relate to alleged errors in rulings on pleadings.

Assignment of error 12 alleges error in the action of the court in permitting the plaintiff to testify, over defendant's objection, that the reasonable rental value of the damaged house was "$35.00 per month; per side."

The facts material to a discussion of this assignment were in our opinion amply set forth.

**668**

As to assignment of error 13, the entire argument of appellant in connection with this assignment is as follows:

"After the plaintiff rested his case, and after the trial court ruled out count three of the complaint, this appellant moved the court to exclude all the evidence (record, bottom of page 99 and top of page 100).

"We think that Jones v. Kirkpatrick Sand & Cement Company, cited under our proposition IV, is direct authority for the proposition that the trial court's ruling in this instance is reversible error. We have undertaken to raise this question by our assignment of error numbered 13 which, we insist, is well made.

"It will be noted that in count one the only damages claimed are (1) '* * * damaging the roof of plaintiff's house in the amount of $300.00"; and (2) "Thereby the plaintiff has lost 21 month's rent and is further damaged by the defendant in the amount of $2100.00. Plaintiff hereby claims as a proximate consequence of defendant's actions herein defendant has damaged him $2400.00 by ruining his roof and depriving him of his rents *as herein stated,* hence this suit to recover such amounts.'

"It will be further noted that in count two the only damage claimed is 'hence the plaintiff claims the amount specified in count one as damages against the defendant.'

"It will be remembered that the house which is the subject of this suit was an out house or storage house consisting of two rooms and which was situated on plaintiff's homestead lot, along with plaintiff's homestead house, when plaintiff bought the property in 1947. That in 1949 plaintiff got the 'do-it-yourself' urge, and he and his father-in-law moved the little house to the back of plaintiff's homestead lot, added rooms to it and put a roof on it. When plaintiff and his father-in-law finished with their 'do-it-yourself'

project it was unfit for habitation. Then plaintiff in 1952 contracted with defendant, which contract is the subject of this suit.

"At no time had the house ever been rented to a tenant. Patently, prospective rents, as an element of damages, are too remote and too speculative to be allowed in this case, whether counts one and two be construed as in contract or in tort. See authorities under our proposition numbered V. Nevertheless, the only damage claimed in count one and in count two, exclusive of the prospective rents, is damage to the roof of the house in the sum of $300.00. But the trial court rendered judgment for plaintiff for $600.00 and, necessarily, the trial court awarded some damages to the plaintiff on account of loss of prospective rents. This is error to reverse."

A reading of our opinion we think discloses that all of the facts relevant to the argument were set forth substantially as set forth by counsel in his brief.

This being a civil case we have of course confined our review to the errors specified and argued in appellant's brief.

Application overruled.