ERNEST W. THOMPSON v. JAMES W. LAPSLEY and Others.[1]

October 23, 1903.

Nos. 13,580—(53).

**Finding—Evidence.**

A finding of the trial court that plaintiff had knowledge of facts and circumstances sufficient to put him upon inquiry as to the nature of defendant's interest in the land in controversy in the action *held* not sustained by the evidence.

**Vendor and Purchaser—Notice.**

Notice of a specific title or interest in real property is operative as to a purchaser charged therewith in respect to the particular title or interest specified only. and is insufficient to put such purchaser upon inquiry as to some. other inconsistent right.

Appeal by plaintiff from an order of the district court for Sherburne county, Giddings, J., denying a motion for a new trial. Reversed.

*E. L. McMillan* and *James I. Best,* for appellant.

*Frank T. White* and *Edson S. Gaylord,* for respondent.

BROWN, J.

Action to determine adverse claims to real property, in which, after a trial before the court without a jury, defendant had judgment, and plaintiff appeals from an order denying a new trial.

The facts are as follows: Both parties claim title to the land through one Knieaper—plaintiff, by deed executed in 1901, which was duly recorded; and defendant, through a mortgage executed by Knieaper prior to the execution of the deed, which was not recorded. It appears from the record that defendant Lapsley was formerly the owner of the land, which was largely incumbered by mortgage and otherwise,

[1]Reported in 96 N. W. 788.

and he conveyed the same by properly executed warranty deed to Knieaper, which was not recorded. Knieaper left the deed with the register of deeds for record, but, for the reason that the taxes had not been paid, it could not be recorded. He entered into the possession of the land, and continued therein for some time, but, finding the incumbrances too heavy, and being unable to discharge the same, he abandoned the property, moving to Canada. As a part of the purchase price of the land, Knieaper executed to Lapsley a mortgage thereon for $1,700, which was not recorded, and is the mortgage under which defendant now claims in this action. Subsequent to the time Knieaper abandoned the land, Lapsley, learning of the fact, and knowing that his deed had not been recorded, undertook to make a sale thereof as the owner of the fee. He offered to sell it to plaintiff and his associates, but did not inform them that he held the mortgage he now relies upon. Plaintiff discovered the unrecorded deed to Knieaper in the office of the register of deeds, and subsequently purchased the land from him, paying therefor a consideration of $300. He then brought this action against Lapsley to determine the latter's claim to the land, in which Lapsley set up his unrecorded mortgage. The only question litigated at the trial was whether plaintiff had, prior to his purchase, actual or constructive notice of the unrecorded mortgage. The trial court found upon that question as follows:

> "While it is probable that actual notice of the mortgage above described, given by said Knieaper to said James W. Lapsley, was not given to the said Rutherford, Webb, or this plaintiff, prior to their purchase of the said premises, the said Rutherford and Webb had notice and knowledge prior to their purchase of the said premises of facts and circumstances amply sufficient to have put them upon inquiry, which, if prosecuted with proper diligence, would have disclosed the existence and nature of the interest of said defendant James W. Lapsley in and to the above described premises, to wit, the mortgage above described, that said plaintiff, Rutherford, and Webb neglected to make such inquiry."

Rutherford and Webb negotiated the purchase of the property from Knieaper, and were jointly interested with plaintiff therein, so that

whatever information they possessed concerning defendant's mortgage was notice as well to plaintiff.

The only question we deem necessary to consider is whether the finding of the trial court that plaintiff and his associates had notice of facts and circumstances sufficient to put them upon inquiry concerning defendant's mortgage is sustained by the evidence. Other questions are argued in the brief of appellant, but, as the result of our examination of the evidence is that the finding is not sustained, it is unnecessary to extend this opinion by their consideration. We have searched the record in vain for a single fact or circumstance reasonably tending to disclose to plaintiff or his associates the existence of this mortgage, other than the testimony of Knieaper that he applied to Rutherford to make a loan on the land for the purpose of paying the mortgage debt. He testified that he made such application, and expressly informed Rutherford of the fact that the mortgage was held by Lapsley. This testimony was denied by Rutherford, and the effect of the finding of the court that Rutherford, Webb, or plaintiff had no actual notice of the mortgage is equivalent to a finding that Knieaper's testimony in that respect was not true. It is clear that this testimony would have sustained a finding of actual notice, but, the court having found that he had no such notice, the testimony, as tending to disclose a circumstance sufficient to put plaintiff upon inquiry, must be eliminated from the case.

The other alleged circumstances pointed out by counsel on the argument are wholly insufficient to justify the finding. It is unnecessary to refer to them in this opinion. Suffice it to say that no fact pointed out by counsel tends in any way to disclose the existence of the mortgage, or to show that defendant had any claim to the property, other than a title in fee. He endeavored to sell and convey the property to plaintiff, Rutherford, and Webb, as the owner, but made no mention whatever of the fact that he claimed any interest therein by virtue of the mortgage in question, and we find nothing upon which to base the charge that plaintiff or his associates failed to make due inquiry as to his rights or interests. Defendant having claimed a title in fee, plaintiff was justified in assuming that to be his only right, and was not required to inquire whether he might not have some other interest in the land. The notice of the specific claim was operative only as to

the particular claim made, and not as to some right or interest inconsistent with such claim. 21 Am. & Eng. Enc. (2d Ed.) 587; Davison v. Waite, 2 Munf. (Va.) 527; Fire Assn. v. Flournoy, 84 Tex. 632, 19 S. W. 793; Cambridge v. Delano, 48 N. Y. 326; Rutherford v. Sanntrock, 60 N. J. Eq. 471, 44 Atl. 938.

Order reversed and new trial granted.