41 So.2d 424

### MORGAN PLAN CO. v. ACCOUNTS SUPERVISION CO.

I Div. 584.

Court of Appeals of Alabama.
May 10, 1949.

Rehearing Denied June 7, 1949.

Robert E. Hodnette, Jr., and Howell & Johnston, all of Mobile, for appellee.

A. S. Whiting and Caffey, Gallalee & Caffee, all of Mobile, for appellant.

CARR, Judge.

This is a suit in detinue to recover a Buick automobile. In the court below, the trial judge, sitting without a jury, rendered a judgment in favor of the defendant.

Motions are here made to dismiss the appeal and also strike the transcript of the testimony.

Omitting formal parts the said motions are:

"1. That on, to-wit, May 14, 1948, this cause was tried in the Circuit Court of Mobile County, Alabama, At Law, before the Honorable Claude A. Grayson, Presiding Judge, without the intervention of a jury and that judgment was rendered for the Appellee (Defendant); that no motion for a new trial was filed in this cause; that on, to-wit, September 21, 1948, Appellant appealed to this Honorable Court and Appellant, W. D. Martin, J. L. May and Joseph Mitchell acknowledged itself and themselves as securities for costs; that the time allowed by law for perfecting the bill of exceptions or the transcript of evidence in lieu thereof, to-wit, ninety (90) days after the date of final judgment expired on, to-wit, August 14, 1948; that more than sixty (60) days have lapsed since the time for establishing the bill of exceptions or transcript of evidence in lieu thereof and Appellant has failed or refused to file with the Clerk of the Court of Appeals of Alabama the transcript of the record in this cause as is required by Section 769, Title 7, Code of Alabama, 1940.

"2. That subsequent to the filing of Appellee's motion to dismiss said appeal and more than eight months after the date of the judgment of the Circuit Court of Mobile County, Alabama, to-wit, May 14, 1948, Appellant filed with the Clerk of the Court of Appeals the said transcript in this cause but failed to assign errors on the said transcript as is required by Supreme Court Rule 1, Code of Alabama 1940, [Tit. 7] Appendix."

"1. That the said transcript was not timely filed with the Clerk of the Circuit Court of Mobile County, Alabama, as is required by Act Number 461, General Acts 1943, p. 423, Title 7, Section 827 (4), Code of Alabama 1940 and Supreme Court Rule 48, Code of 1940, Title 7, in that although final judgment was rendered by the Circuit Court of Mobile County, Alabama, on May 14, 1948, said transcript was not filed with said Clerk until November 10, 1948, a period of more than ninety days from the date of said judgment.

"2. That said certified transcript was not actually completed and filed within the ninety-day period referred to in said Rule 48 and said Act."

The next call of the First Division of this court, after the appeal was taken, was November 8, 1948. The court reporter filed the transcript of the evidence with the clerk of the circuit court on November 10, 1948. The record was completed and certified on January 17, 1949, and filed in this court on January 28, 1949. The cause was submitted at the next call of the First Division in April, 1949.

Our appellate courts have given the provisions of Sections 769 and 770, Title 7, Code 1940, liberal and reasonable construction.

It has been held in effect that where the first call of a division from which the appeal comes is less than sixty days after the appeal is taken, the appeal will not be dismissed if the transcript is filed on the first day of the ensuing call of the same division. McCoy et al. v. Wynn et al., 215 Ala. 172, 110 So. 129.

In the case at bar the appellant filed notice of appeal and bond on September 21, 1948.

Errors were duly assigned before the submission of the cause. This court has permitted this practice and so far as the writer knows we have never questioned the propriety of this procedure.

In the recent case of Jones v. Mullin et al., 251 Ala. 501, 38 So.2d 281, Justice Brown of the Supreme Court had occasion to apply the provisions of Supreme Court Rule 48, Title 7, p. 117, Pocket Part, Code 1940. On the authority of this decision, we hold that the motion to strike the transcript of the testimony should be denied.

We also overrule the motion to dismiss the appeal.

We come now to consider the cause on its merits.

The plaintiff below bases its right to recover on chattel mortgage covering the property in question.

The history of the various transactions is: On September 27, 1946, one Robert Lundy bought the Buick car from the Harris Motor Company. He executed a conditional sales contract for the balance of the purchase price which amounted to $955.20. The instrument was never recorded.

On the date of its execution the conditional sales contract was assigned by the Harris Motor Company to the First National Bank of Mobile. On November 5, 1947, there was still unpaid a balance of $191.04. This amount was paid to the bank, and on November 12, 1947, the bank assigned the paper by endorsement thereon to the First Finance Company. On the same date the last named company assigned this instrument to the Welfare Finance Company, the defendant below. This assignment was also by endorsement on the face of the contract.

The sales contract has this stamped on it: "Paid. 1st Finance Company. A. L. Jordan (c. p.)."

At the trial of the case the appellant introduced in evidence a chattel mortgage executed to it by Robert Lundy covering among articles of property the automobile which is the subject of this suit. This mortgage is dated June 9, 1947, and was duly recorded on the same day.

The mortgage contains this description of the car in question: "also equity in 1940 Buick 5/p Coupe Mtr. # 53–904205 subject to lien of First Finance of about $448.-00."

Without question the payments on the chattel mortgage indebtedness were in default at the time the detinue suit was filed.

Under the provisions of Sec. 131, Title 47, 1947 Cum.Sup. to Code 1940, the unrecorded conditional sales contract was void as against the plaintiff mortgagee unless it had notice thereof.

It is clearly apparent that the determinable question on this appeal is whether or not the evidence warrants a finding that the appellant had actual notice or means of knowledge that there was an unpaid balance on the conditional sales contract.

As Justice Somerville observed in Malone Motor Co. v. Green, 213 Ala. 635, 105 So. 897, 898, "Section 6898, Code 1923 (Section 3394, Code 1907) (now Sec. 131, Title 47, supra, we interpolate) which protects bona fide purchasers for value, without notice of unrecorded conditional sales, does not change the rule as to what may be sufficient actual notice. The means of knowledge is the equivalent of knowledge, and whatever is sufficient to put one on inquiry is sufficient to charge him with notice of everything to which the inquiry would lead."

Mr. May, president and treasurer of the appellant company, testified that at the time the chattel mortgage was executed he ascertained either from the mortgagor or an employee of the First Finance Company that the latter held a lien on the Buick car for approximately $448.00 and that this information accounted for the indicated notation on the mortgage.

With reference to his knowledge of the existence of the unpaid conditional sales contract he stated:

"Q. Did you know that this conditional sales contract to Harris Motor Company had been assigned to Welfare Finance Company? A. I was told by Mr. Jordan in November, 1947 that this contract had been paid off.

"Q. When was the first time you found out the Welfare Finance Company had any interest in it? A. On January second, when Mr. Quimby returned with that receipt.

"Q. That was this year, 1948? A. Yes, sir."

Mr. Jordan, manager of the First Finance Company, testified that before the bank assigned the conditional sales contract to his company Mr. Lundy had executed a chattel mortgage to his company which was secured by the car in question. The witness stated also that this was an entirely

separate transaction, in no manner connected with the conditional sales contract; that "different money was paid on each deal."

This leads to the conclusion that the recitation with reference to the lien on the chattel mortgage reflects the indebtedness incident to this separate transaction. In any event, it could not have referred to a balance due on the conditional sales contract. This was more than five months before the First National Bank assigned the conditional sales contract to the First Finance Company.

There is no evidence to indicate that the appellee had any title to or rights in the sales contract prior to its assignment by the bank. If it had been proved that there was only a delivery of the instrument by the bank to the appellee, the effect of this proof could have meant no more than a creation of an equitable assignment. Albertville Trading Co. v. Brooks, 22 Ala. App. 147, 113 So. 473.

In the case of E. E. Forbes Piano Co. v. H. C. & W. B. Reynolds, 1 Ala.App. 501, 56 So. 270, 272, it was contended that because the purchaser was known to be a man without financial means and therefore unable to pay cash for a piano, this should serve as notice that a balance was due on the original purchase transaction. This court would not accept this as conclusive on the matter of notice. In response to questions which bear some factual similarity to those of instant concern, this court said:

"The true question, under the facts of this case, on the subject of notice, was not whether appellees had facts in their possession which, if pursued, would have resulted in the discovery of the existence of appellant's claim, but whether, under the evidence, they in fact did or did not possess actual notice of such claim when the mortgage was made in August, 1905. The evidence on this subject was in dispute, and the issue was one for the jury."

The applicable rule is stated in 46 C.J., Sec. 87, p. 563:

■ "Where information of a specific claim or right is given to a person, it has been held that such information is operative only in respect of the particular fact communicated, and will not put the person notified upon inquiry as to any other or different right."

To like effect is the holding in Rohde v. Rohn, 232 Ill. 180, 83 N.E. 465, 468:

"Where a party is notified of a specific claim, such notice will not put a party upon inquiry as to some other or different right."

See also, Thompson v. Lapsley et al., 90 Minn. 318, 96 N.W. 788; Zumwalt et al. v. Goodwin, 10 Cir., 133 F.2d 984; Philadelphia Fire Ass'n v. Flournoy, 84 Tex. 632, 19 S.W. 793, 31 Am.St.Rep. 89; Wynne v. Admire, Tex.Civ.App., 37 S.W. 33; Cambridge Valley Bank v. Delano, 48 N.Y. 326.

■ We are unable to find any evidence in this record that leads us to the conclusion that the appellant had any actual notice or "means of knowledge" of the indebtedness on the unrecorded conditional sales contract.

We hold, therefore, that the lower court was in error in rendering judgment in favor of the defendant.

■ It is insisted in brief of counsel that the assignments of error are not sufficiently specific, and he invokes the rule declared in Wrenger v. Leigeber, 27 Ala.App. 121, 166 So. 727. As we interpret this opinion, the criticism is directed to the brief of counsel rather than any deficiency in the assignments of error.

It is, of course, true that the rule requires an appellant on appeal in a civil cause to point out error in his assignments. Harden, Inc., v. Harden, 29 Ala.App. 411, 197 So. 94.

■ For illustrative review we will copy assignment of error number 2:

"The court erred in its judgment of May 14, 1948 in ordering and adjudging that the defendant have and recover of the plaintiff the property sued for in the complaint, namely, one 1940 Buick five passenger Club Coupe, bearing 1947 Mississippi license No. 314770."

Number 3 is to like effect.

The case as we have herein indicated was tried by the court without a jury, Title 7,

Sec. 260, Code 1940. We are confronted with the task of determining whether or not the evidence is sufficient to support the judgment of the court below. This is the only question upon which insistence is made in brief of counsel. Clearly, assignments of error numbered 2 and 3 pose this question, and their sufficiency cannot be denied. Supreme Court Rule 1; Merchants' Bank of Mobile et al. v. Zadek et al., 207 Ala. 84, 91 So. 815.

The judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J., not sitting.